IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARMEN RILEY, Administrator :
of the Estate of TY'RIQUE : CIVIL ACTION NO.
RILEY, CARMEN RILEY, and :
THOMAS MATTHEW, :
   Plaintiffs, :
     v. :
      :
      : JURY TRIAL DEMANDED
BRIAN CLARK, Warden, :
DAUPHIN COUNTY PRISON, :
SUSQUEHANNA TOWNSHIP :
POLICE DEPARMENT, Ptlm. :
MICHAEL DARCY, Ptlm. :
DEMETRIUS GLENN, Corporal :
RICHARD WILSON, Corporal :
CHRIS HAINES, PRIMECARE :
MEDICAL, INC., Captain :
ANDREW KLAHR, Lieutenant :
GREG MENDENHALL, :
Sergeant SCOTT GRIEB, :
Sergeant JASON ADAMS, :
Sergeant MICHAEL BLOUCH, :
Sergeant SCOTT LEWIS, :
Sergeant KEITH BITER, Officer :
ROBERT INGERSOLL, Officer :
CAMERON WEAVER, Officer :
TAYLOR GLENN, Officer :
MARTIN MYERS, Officer D. :
BAUER, Officer DANNER, and :
Officer Singleton, :
   Defendants. :

## Notice of Removal

Defendants Brian Clark, Dauphin County Prison, Andrew Klahr, Greg Mendenhall, Scott Grieb, Jason Adams, Michael Blouch, Scott Lewis, Keith Biter, Robert Ingersoll, Cameron Weaver, Taylor Glenn, Martin Myers, D. Bauer, Danner, and Singleton (hereinafter collectively "the Dauphin County Defendants"), hereby remove this case from the Dauphin County Court of Common Pleas:

1. On August 20, 2019, Plaintiffs filed a Praecipe for Writ of Summons in the Dauphin County Court of Common Pleas at docket number 2019-cv-6276. See attached hereto as Exhibit 1.

2. The original writ of summons named the following individuals and entities as Defendants: The City of Harrisburg,[1] Susquehanna Township Police Department, UPMC Pinnacle Harrisburg Hospital, and John Does Dauphin County Corrections Officers. See id.

3. On August 27, 2019, Plaintiffs filed a Praecipe to the Prothonotary for a writ to join Dauphin County Prison as an additional defendant. See attached hereto as Exhibit 2.

4. Also, on August 27, 2019, Plaintiffs filed a Praecipe to the

---

[1] A writ of summons was never served on the City of Harrisburg. Also, Plaintiffs do not name them as a Defendant in their Complaint. Accordingly, it would appear that the City of Harrisburg is not a defendant in this matter.

Prothonotary for a writ to join Brian Clark as an additional defendant. See attached hereto as Exhibit 3.

5. Similarly, on August 27, 2019, Plaintiffs filed a Praecipe to the Prothonotary for a writ to join PrimeCare Medical, Inc. as an additional defendant. See attached hereto as Exhibit 4.

6. On October 9, 2019, Plaintiffs filed a Praecipe to Reinstate Writ. See attached hereto as Exhibit 5.

7. On October 22, 2019, Plaintiffs filed a Sherriff's Return Receipt for the service of the Reissued Writ of Summons upon Defendant Dauphin County Prison. See attached hereto as Exhibit 6.

8. Also on October 22, 2019, Plaintiffs filed a Sherriff's Return Receipt for the service of the Reissued Writ of Summons upon Defendant PrimeCare Medical. See attached hereto as Exhibit 7.

9. Additionally, on October 22, 2019, Plaintiffs filed a Sherriff's Return Receipt for the service of the Reissued Writ of Summons upon Defendant Brian Clark. See attached hereto as Exhibit 8.

10. Further, on October 22, 2019, Plaintiffs filed a Sherriff's

Return Receipt for the service of the Reissued Writ of Summons upon Defendant Susquehanna Township Police Department. See attached hereto as Exhibit 9.

11. Similarly, on October 22, 2019, Plaintiffs filed a Sherriff's Return Receipt for the service of the Reissued Writ of Summons upon Defendant UPMC Pinnacle. See attached hereto as Exhibit 10.

12. On October 24, 2019, Defendant PrimeCare filed a Praecipe and Rule to file a complaint directed at Plaintiffs. See attached hereto as Exhibit 11.

13. Also on October 24, 2019, Defendant PrimeCare filed a Praecipe for Entry of Appearance for its counsel John R. Ninosky, Esquire, of Marshall Dennehey Warner Coleman & Goggin. See attached hereto as Exhibit 12.

14. On October 29, 2019, Defendants Brian Clark and Dauphin County Prison filed an Entry of Appearance for its counsel Frank J. Lavery, Jr., Esquire, and Elizabeth L. Kramer, Esquire. See attached hereto as Exhibit 13.

15. On November 4, 019, Defendant UPMC Pinnacle filed a Praecipe for Rule to File Complaint. See attached hereto as Exhibit 14.

16. Also, on November 4, 2019, Defendant UPMC Pinnacle filed a Praecipe to Enter Appearance for its counsel Michael M. Badowski, Esquire, and Anthony J. Gabriel, Esquire. See attached hereto as Exhibit 15.

17. Additionally, on November 4, 2019, Defendant Susquehanna Township Police Department filed an Entry of Appearance for its counsel David J. MacMain of the MacMain Law Group, LLC. See attached hereto as Exhibit 16.

18. On November 13, 2019, Defendant Susquehanna Township Police Department filed an Entry of Appearance for its counsel Matthew S. Polaha, Esquire of the MacMain Law Group, LLC. See attached hereto as Exhibit 17.

19. On November 21, 2019, Defendant Susquehanna Township filed a Praecipe and Rule to file a Complaint. See attached hereto as Exhibit 18.

20. On January 31, 2020, Plaintiff filed a motion to compel response to subpoena and for a finding of contempt directed at third party, Dauphin County Coroner. See attached hereto as Exhibit 19.

21. On February 4, 2020, the Dauphin County Court of

Common Pleas entered an Order that an unidentified defendant should respond to Plaintiffs' motion to compel within 14 days and that upon expiration of the response time, Plaintiffs shall file a Certificate of Readiness. See attached hereto as Exhibit 20.

22. On February 11, 2020, Plaintiffs filed a Complaint against the Dauphin County Defendants as well as co-Defendants PrimeCare Medical, Inc., Susquehanna Township Police Department, Michael Darcy, Demetrius Glenn, and Richard Wilson. See attached hereto as Exhibit 21.

23. Although the claims in Plaintiffs' Complaint are not labeled as being brought under the Constitution or laws of the United States, these claims, in reality, appear to raise federal questions concerning constitutional violations.

24. Specifically, the Complaint makes allegations concerning excessive force by prison officials and allegations concerning duties owed to decedent in relation to decedent's alleged serious medical condition and alleged failures to recognize said medical condition and provide decedent with adequate treatment during his incarceration.

25. On February 12, 2020, Defendant UPMC Pinnacle filed a

6

Notice of Praecipe to Enter Judgment Non Pros for failure to file a complaint. See attached hereto as Exhibit 22.

26. On February 24, 2020, Defendant UPMC Pinnacle filed a Praecipe to Enter Judgment Non Pros. See attached hereto as Exhibit 23.

27. Also, on February 24, 2020, Defendant UPMC Pinnacle field an Entry of Judgment Non Pros. See attached hereto as Exhibit 24.

28. To date, Plaintiffs' Complaint has yet to be properly served on any of the Defendants as prescribed by the Pennsylvania Rules of Civil Procedure.

29. Nevertheless, the Dauphin County Defendants can remove this action even though Plaintiffs have not served them. *Hutton v. KDM Transp., Inc.,*[2] No. 14-3264, 2014 U.S. Dist. LEXIS 92978, at *12 (E.D. Pa. July 8, 2014); *see also Zokaites Props. v. La Mesa Racing, LLC,*[3] Civil Action No. 11-259, 2012 U.S. Dist. LEXIS 107424, at *49 (W.D. Pa. Aug. 1, 2012)

30. Removal is appropriate because Plaintiffs appear to raise federal questions, namely violations of the U.S. Constitution.

---

[2] See attached as Exhibit 25.

[3] See attached as Exhibit 26.

31. Federal courts have jurisdiction over claims that arise under federal laws generally, 28 U.S.C. §1331, and more specifically over claims asserting violations of the U.S. Constitution, 28 U.S.C. §1343.

32. Accordingly, this Court has removal jurisdiction because Plaintiff raises a federal question generally, 28 U.S.C. §1441(a), and civil rights questions more specifically. 28 U.S.C. §1443.

33. Pursuant to 28 U.S.C. § 1446(d), removing Defendants will contemporaneously serve a copy of this Notice of Removal on Plaintiff and file this Notice in the Dauphin County Court of Common Pleas.

26. All Defendants[4] join in this Notice of Removal. See Certificate of Consent attached hereto as Exhibit 27.

---

[4] Under the law, "defendants who **have not been served with the initial pleadings** pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal." *Ogletree v. Barnes*, 851 F. Supp. 184, 187 (E.D. Pa. 1994) citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939))(emphasis added). "[T]he initial pleading for the purpose of the first paragraph of § 1446(b) can be a complaint, **but not a writ of summons**." *Parker Hannifin Corp. v. Fed. Ins. Co.*, 23 F. Supp. 3d 588, 595 (W.D. Pa. 2014)(citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222 (3d Cir. 2005)) (emphasis added). As none of the Defendants in this case have been served with the initial pleading, the Dauphin County Defendants were no obligated to seek the consent of any other Defendants in relation to this removal. However, in an abundance of caution, the Dauphin County Defendants received the consent of all Defendants who had been served with the writ of summons in this case. *See* Exhibit 27.

27. Venue is proper because removing Defendants reside in this District and the events giving rise to action took place within the District. 28 U.S.C.A. § 1391(b).

Date: February 24, 2020                Respectfully submitted,

Lavery Law

By: s/Frank J. Lavery, Jr.
    Frank J. Lavery, Jr., Esquire
    Attorney ID No. PA42370
    Elizabeth L. Kramer, Esquire
    Attorney ID No. PA324651
    225 Market Street, Suite 304
    P.O. Box 1245
    Harrisburg, PA 17108-1245
    (717) 233-6633 (Telephone)
    (717) 233-7003 (Facsimile)
    flavery@laverylaw.com
    ekramer@laverylaw.com
    *Defendants Brian Clark, Dauphin County Prison, Andrew Klahr, Greg Mendenhall, Scott Grieb, Jason Adams, Michael Blouch, Scott Lewis, Keith Biter, Robert Ingersoll, Cameron Weaver, Taylor Glenn, Martin Myers, D. Bauer, Danner, and Singleton*

## Certificate of Service

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF System and I served a true and correct copy of the foregoing Notice of Removal via U.S. Mail on the following:

Kevin V. Mincey, Esquire
Riley H. Ross III, Esquire
Mincey Fitzpatrick Ross, LLC
1500 John F. Kennedy Blvd., Suite 1525
Philadelphia, PA  19102
*Attorneys for Plaintiffs*

John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
*Attorney for Defendant PrimeCare Medical*

David J. MacMain, Esquire
Matthew S. Polaha, Esquire
The MacMain Law Group, LLC
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendant Susquehanna Township*

Michael M. Badowski, Equire
Anthony Gabriel, Esquire
Margolis Edelstein
3510 Trindle Road
Camp Hill, PA 17011
*Attorneys for Defendant UPMC Pinnacle*

DATE: February 24, 2020          *s/Aimee Paukovits*
                                 Legal Assistant to Frank J.
                                 Lavery, Jr., Esquire