**MINCEY, FITZPATRICK ROSS, LLC**
Riley H. Ross III, I. D. #204696
Kevin V. Mincey, Esquire, I. D. #90201
Attorneys and Counselors at Law
Two Penn Center
1500 JFK Boulevard, Suite 1525
Philadelphia, PA 19102
Telephone: 215 - 587 - 0006
Telefax: 215 - 587 - 0628

*Attorneys for Plaintiffs*

RECEIVED
OFFICE OF
PROTHONOTARY
DAUPHIN COUNTY
PENNA
2020 FEB 11 PM 1:19

## COMMONWEALTH OF PENNSYLVANIA
## COURT OF COMMON PLEAS
## DAUPHIN COUNTY

----------------------------------------------------------------X

**CARMEN RILEY, ADMINISTRATOR OF**
**THE ESTATE OF TY'RIQUE RILEY,**
1931 Franklin Avenue
Harrisburg, PA 17109

      and

**CARMEN RILEY AND THOMAS MATTHEWS,**
 individually, as parents and
natural guardians of decedent Ty'rique Riley
and as his sole survivors
1931 Franklin Avenue
Harrisburg, PA 17109

                           Plaintiff

         v.

**BRIAN CLARK, WARDEN**
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

      and

**DAUPHIN COUNTY PRISON**
501 Mall Road
Harrisburg, PA 17111

      and

CIV. ACTION No.: 2019-cv-6276

**JURY TRIAL DEMANDED**

1

**SUSQUEHANNA TOWNSHIP POLICE DEPARTMENT**
1900 Linglestown Road
Harrisburg, PA 17110

     and

**PTLM MICHAEL DARCY**, Individually, a
Susquehanna Township Police Officer, having
a main office at
1900 Linglestown Road
Harrisburg, PA 17110

     and

**PTLM DEMETRIUS GLENN**, Individually,
a Susquehanna Township Police Officer,
having a main office at
1900 Linglestown Road
Harrisburg, PA 17110

     and

**CORPORAL RICHARD WILSON**, Individually,
a Susquehanna Township Police Officer,
having a main office at
1900 Linglestown Road
Harrisburg, PA 17110

     and

**PFC CHRIS HAINES** , Individually, a
Susquehanna Township Police Officer, having
a main office at
1900 Linglestown Road
Harrisburg, PA 17110

     and

**PRIMECARE MEDICAL, INC.**
3490 Locust Lane
Harrisburg, PA 17109

     and

2

**Captain Andrew Klahr**, Individually, a                                    :
Dauphin County Prison Correctional Officer,                                  :
having a main office at                                                      :
501 Mall Road                                                               :
Harrisburg, PA 17111                                                        :
                                                                           :
       and                               :
                                                                           :
**Lieutenant Greg Mendenhall**, Individually, a                            :
Dauphin County Prison Correctional Officer,                                 :
having a main office at                                                     :
501 Mall Road                                                              :
Harrisburg, PA 17111                                                       :
                                                                          :
       and                              :
                                                                          :
**Sergeant Scott Grieb,**, Individually, a Dauphin :
County Prison Correctional Officer, having                                 :
a main office at                                                           :
501 Mall Road                                                             :
Harrisburg, PA 17111                                                      :
                                                                         :
       and                             :
                                                                         :
**Sergeant Jason Adams**, Individually, a                                :
Dauphin County Prison Correctional Officer,                               :
having a main office at                                                   :
501 Mall Road                                                            :
Harrisburg, PA 17111                                                     :
                                                                        :
       and                            :
                                                                        :
**Sergeant Michael Blouch**, Individually, a                            :
Dauphin County Prison Correctional Officer,                              :
having a main office at                                                  :
501 Mall Road                                                           :
Harrisburg, PA 17111                                                    :
                                                                       :
       and                           :
                                                                       :
**Sergeant Scott Lewis**, Individually , a                             :
Dauphin County Prison Correctional Officer,                             :
having a main office at                                                 :
501 Mall Road                                                          :

Harrisburg, PA 17111                             :

     and                                              :
                                       :

**Sergeant Keith Biter**, Individually, a Dauphin :
County Prison Correctional Officer,              :
having a main office at                          :
501 Mall Road                                    :
Harrisburg, PA 17111                             :
                                       :
     and                                              :

**Officer Robert Ingersoll**, Individually, a     :
Dauphin County Prison Correctional Officer,      :
having a main office at                          :
501 Mall Road                                    :
Harrisburg, PA 17111                             :
                                       :
     and                                              :

**Officer Cameron Weaver**, Individually, a       :
Dauphin County Prison Correctional Officer,      :
having a main office at                          :
501 Mall Road                                    :
Harrisburg, PA 17111                             :
                                       :
     and                                              :

**Officer Taylor Glenn**, Individually, a Dauphin :
Dauphin County Prison Correctional Officer,      :
having a main office at                          :
501 Mall Road                                    :
Harrisburg, PA 17111                             :
                                       :
     and                                              :

**Officer Martin Myers**, Individually, a Dauphin :
County Prison Correctional Officer,              :
having a main office at                          :
501 Mall Road                                    :
Harrisburg, PA 17111                             :
                                       :
     and                                              :

**Officer D. Bauer**, Individually, a Dauphin     :

4

County Prison Correctional Officer,                  :
having a main office at                               :
501 Mall Road                                        :
Harrisburg, PA 17111                                 :
                                                     :
        and                                          :
                                                     :
**Officer Danner** (First name unknown),              :
Individually, a Dauphin County Prison                :
Correctional Officer, having a main office at        :
501 Mall Road                                        :
Harrisburg, PA 17111                                 :
                                                     :
        and                                          :
                                                     :
**Officer Singleton** (First name unknown),           :
Individually, a Dauphin County Prison                :
Correctional Officer, having a main office at        :
501 Mall Road                                        :
Harrisburg, PA 17111                                 :
                            Defendants               :
------------------------------------------------------------X

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE 213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

5

## COMPLAINT

## INTRODUCTION

1.   This action is brought as Wrongful Death, Survival and Negligence actions pursuant to claims arising from Defendants' deliberate indifference and negligence in failing to train its various personnel in the recognition and treatment of medical and mental health issues in arrestees and inmates and further in subjecting decedent Ty'rique Riley to cruel and unusual punishment, all of which eventually led to his death at the young age of twenty one (21) years old.

2.   On July 1, 2019, Ty'rique Riley died as the result of severe beatings inflicted upon him by Defendant Dauphin County Prison's correctional officers, and this death could have been prevented had Defendants Susquehanna Township Police, PrimeCare Medical, Inc., and Dauphin County Prison been trained in recognizing serious mental health issues in inmates and had said Defendants diverted decedent Riley from a prison environment to a hospital or mental health facility.

## PARTIES

3.   Plaintiff Carmen Riley, Administrator of the Estate of Ty'rique Riley, as Administrator of the said Estate of Ty'rique Riley, brings this action pursuant to 42 Pa. C. S. A. §8302 (Survival).

4.   The Plaintiff is Carmen Riley, who was appointed Administrator by the Dauphin County Register of Wills on the 22nd day of July, 2019, under Administrative File Number 2219-0658.

6

5.    Plaintiffs Carmen A. Riley and Thomas Matthews are the decedent's natural

parents and only survivors, and they reside at 1931 Franklin Avenue, Harrisburg,

Pennsylvania 17109.  Because the decedent was single and had neither spouse,

children, nor any other survivors, the Plaintiffs bring this action on their own

behalf as the only people entitled to recover as the decedent's survivors

pursuant to 42 Pa.  C.  S.  A.  §8301 (Wrongful Death).

6.    The Plaintiffs' Decedent is Ty'rique Riley, who died in Harrisburg, Pennsylvania

on July 1, 2019 as the direct and proximate result of the Defendants' individual

and joint negligence, all of which occurred in the City of Harrisburg, Dauphin

County, Pennsylvania.

7.    A Defendant is BRIAN CLARK, Warden of the Dauphin County Prison, having a

main place of business at the Dauphin County Prison, 501 Mall Road,

Harrisburg, PA, 17111.  At all times relevant hereto, Defendant Clark oversaw

the training and supervision of the corrections officers and guards who daily

engaged in securing and controlling prison inmates, and who participated in and

were the cause of decedent Ty'rique Riley's death.

8.    At all times relevant hereto, Defendant Clark acted or failed to act through

Defendant Dauphin County Prison, which acted as the "alter ego" of Defendant

Clark, was tasked with training and supervising the corrections officers and

guards who daily engaged in securing and controlling prison inmates, and who

participated in and were the cause of decedent Ty'rique Riley's death. Defendant

Clark is being sued in both his individual and professional capacities.

9.    A Defendant is the Dauphin County Prison, having a main place of business at

501 Mall Road, Harrisburg, PA, 17111.  At all times relevant hereto, Defendant Dauphin County Prison employed and was tasked with training and supervising the corrections officers and guards who daily engaged in securing and controlling prison inmates, and who participated in and were the cause of decedent Ty'rique Riley's death.  References herein to the acts and failures to act of Defendant Dauphin County Prison were the acts and failures to act of its warden, Defendant Brian Clark; references to Dauphin County Prison are references to said Defendant Prison and Defendant Clark.

10.    At all times relevant hereto, Defendants Brian Clark and Dauphin County Prison failed to adequately train the individual Corrections Officers who daily engaged in securing and controlling prison inmates, in recognizing and identifying inmates with serious mental health issues enough to divert them from the prison environment, but also in failing to train the correctional officers in refraining from subjecting inmates to cruel and unusual punishment in the form of physical beatings.

11.    A Defendant is the Susquehanna Township Police Department (hereinafter "Susquehanna Police"), having a main place of business at 1900 Linglestown Road, Harrisburg, PA, 17110.  At all times relevant hereto, Defendant Susquehanna Township Police employed, trained and supervised the several police officers that participated in and were the cause of decedent Ty'rique Riley's death. Defendant Susquehanna Police failed to adequately train its police personnel in recognizing and identifying arrestees with serious mental health issues requiring diversion to a hospital or mental health facility.

8

12.   A Defendant is Patrolman Michael Darcy, Individually, a Susquehanna Township Police Department Police Officer having a main place of business at 1900 Linglestown Road, Harrisburg, PA, 17110.  At all times relevant hereto, said Patrolman participated in and contributed to the cause of decedent Ty'rique Riley's death.

13.   A Defendant is Patrolman Demetrius Glenn, Individually, a Susquehanna Township Police Department Police Officer having a main place of business at 1900 Linglestown Road, Harrisburg, PA, 17110.  At all times relevant hereto, said Patrolman participated in and contributed to the cause of decedent Ty'rique Riley's death.

14.   A Defendant is PFC Chris Haines, Individually, a Susquehanna Township Police Department Police Officer having a main place of business at 1900 Linglestown Road, Harrisburg, PA, 17110.  At all times relevant hereto, said PFC participated in and contributed to the cause of decedent Ty'rique Riley's death.

15.   A Defendant is Corporal Richard Wilson, Individually, a Susquehanna Township Police Department Police Officer having a main place of business at 1900 Linglestown Road, Harrisburg, PA, 17110.   At all times relevant hereto, said Corporal participated in and contributed to the cause of decedent Ty'rique Riley's death.

16.   A Defendant is PrimeCare Medical, Incorporated, a corporation having a main place of business at 3490 Locust Lane in Harrisburg, PA, 17109.  At all times relevant hereto, Defendant PrimeCare Medical, Inc., was a corporation that provided, under contract with the Dauphin County Prison, the medical and mental

health personnel who oversaw the medical and mental health treatment and tended to the medical and mental health needs of inmates at the Dauphin County Prison and who trained and supervised the several medical personnel who participated in and were the cause of decedent Ty'rique Riley's death.

17. At all times relevant hereto, Defendant PrimeCare had a duty to comply with generally accepted medical and mental health standards of care in their medical and mental health treatment of Decedent Riley.

18. Defendant PrimeCare, by and through its agents, workmen, doctors and nurses, violated their duty of care to the decedent.

19. Defendant PrimeCare's violation of its duty of care was a direct and proximate cause and a substantial factor in bringing about the decedent's injuries and eventual death.

20. A Defendant is Captain Andrew Klahr, Individually, a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111. At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

21. A Defendant is Lieutenant Greg Mendenhall, Individually, a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111. At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

22. A Defendant is Sergeant Scott Grieb, Individually, a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111. At all times relevant hereto, said Correctional Officer participated in and

was the cause of decedent Ty'rique Riley's death.

23.    A Defendant is Sergeant Jason Adams , Individually, a Correctional Officer
having a place of business at the Dauphin County Prison, 501 Mall Road in
Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer
participated in and was the cause of decedent Ty'rique Riley's death.

24.    A Defendant is Sergeant Michael Blouch , Individually, a Correctional Officer
having a place of business at the Dauphin County Prison, 501 Mall Road in
Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer
participated in and was the cause of decedent Ty'rique Riley's death.

25.    A Defendant is Sergeant Scott Lewis, Individually, a Correctional Officer having a
place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA
17111.  At all times relevant hereto, said Correctional Officer participated in and
was the cause of decedent Ty'rique Riley's death.

26.    A Defendant is Sergeant Keith Biter, Individually, a Correctional Officer having a
place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA
17111.  At all times relevant hereto, said Correctional Officer participated in and
was the cause of decedent Ty'rique Riley's death.

27.    A Defendant is Officer Robert Ingersoll, Individually, a Correctional Officer having
a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg,
PA 17111.  At all times relevant hereto, said Correctional Officer participated in
and was the cause of decedent Ty'rique Riley's death.

28.    A Defendant is Officer Cameron Weaver, Individually, a Correctional Officer
having a place of business at the Dauphin County Prison, 501 Mall Road in

Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

29.    A Defendant is Officer Taylor Glenn, Individually, a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

30.    A Defendant is Officer Martin Myers, Individually, a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

31.    A Defendant is Officer D. Bauer, Individually, a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

32.    A Defendant is Officer Danner (First name unknown), Individually,  a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

33.    A Defendant is Officer Singleton (First name unknown), Individually, a Correctional Officer having a place of business at the Dauphin County Prison, 501 Mall Road in Harrisburg, PA 17111.  At all times relevant hereto, said Correctional Officer participated in and was the cause of decedent Ty'rique Riley's death.

34.    Plaintiffs bring this action under and by virtue of the Pennsylvania Wrongful
Death Act, 42 Pa. C. S. A. §8301, and the Survival Act, 42 Pa. C. S. A. §8302,
to recover damages legally appropriate thereunder, including, but not limited to
damages for all hospital, medical, funeral, burial and estate administration
expenses incurred, loss of support and contribution which the family would have
received from the decedent from the time of his death for the duration of his work
life expectancy; compensated for the pecuniary value of the services, society and
comfort he would have given to his parents had he lived; and compensated for
the loss of the services the decedent would have contributed to his parents, and
also for the net amount of money the decedent would have earned from the date
of his death and would have earned between that date and the end of his life
work expectancy; compensation for the mental and physical pain and suffering
and inconvenience the decedent endured from the moment of his injury to the
moment of his death.

35.    Plaintiffs' decedent did not bring an action during his lifetime for actual injuries or
damages sought here.

36.    At all times relevant hereto, Defendants individually and jointly were under a duty
and obligation to recognize and identify that decedent Riley had a mental health
crisis and to divert him from a prison environment to a hospital or mental health
facility that he might receive treatment instead of punishment.

37.    At all times relevant hereto, Defendants individually and jointly breached that
duty by failing to recognize and identify that decedent Riley had serious mental
health problems and failing to divert him from a prison environment to a hospital

or mental health facility at which he would have received treatment instead of incarceration.

38.    As a direct and proximate result of that breach, decedent Ty'rique Riley died on July 1, 2019 at the age of twenty-one (21) years old.

39.    At all times relevant hereto, Defendants individually and jointly were under a further duty and obligation to treat Ty'rique Riley reasonably and humanely and to refrain from subjecting him to unreasonable beatings and excessive physical force in restraining him.

40.    At all times relevant hereto, however, Defendants breached that duty by treating Ty'rique Riley unreasonably and inhumanely and subjecting him to unreasonable beatings and excessive physical force in restraining him as described herein.

41.    As a direct and proximate result of said unreasonable and inhumane treatment and excessive physical force as described herein to which he was subjected at the hands of the Defendants, individually and/or jointly, Ty'rique Riley died  on July 1, 2019 at the age of twenty one (21) years old.

## OPERATIVE FACTS

42.    On or about the early hours of June 18, 2019, at approximately 4:00 AM, Plaintiff Carmen Riley was awakened to see her son standing over her and the decedent's father holding a sledgehammer and mumbling nonsensically about needing to protect his parents.

43.    Shortly thereafter, as decedent and his father struggled with the sledgehammer, Plaintiff Carmen Riley telephoned the Defendant Susquehanna Police to ask their assistance.

44.     In response to Plaintiff Riley's telephone call, Defendant Susquehanna Police
        dispatched Patrolmen Demetrius Glenn and Michael Darcy, PFC Chris Haines,
        Corporal Wilson and Sgt. Richard Adams to 2009 Franklin Avenue, Apartment A.

45.     Upon arriving at that location at approximately 4:44 AM, Patrolmen Michael
        Darcy, Badge #155, and Glenn, and PFC Chris Haines went to the rear of the
        premises to gain entrance.

46.     The three police officers asked Plaintiff Carmen Riley to open the rear door, but
        decedent Ty'rique Riley eventually opened the door himself and allowed the
        officers in.

47.     At that time, decedent Riley appeared distant and uncommunicative, and he
        offered no struggle or fight as the officers placed him under arrest at 5:00 AM on
        the morning of June 18, 2019.

48.     At that time, and during an immediate but cursory investigation, the officer
        learned that decedent Riley had been mumbling incoherently, acting erratic and
        very strange, and that "something was wrong" with him.

49.     Despite learning this information and despite observing decedent's flat, distant
        and uncommunicative manner, the officers arrested him, placed him in the rear of
        a police vehicle.

50.     At that time, Defendant Susquehanna Police should have recognized that
        decedent Riley was in the midst of a mental health crisis and needed medical or
        mental health treatment, and should therefore have taken him to a hospital or
        other medical facility for observation and possible treatment.

51.     Instead of taking decedent Riley to a hospital or other medical facility, and

15

because he had been poorly trained to detect or recognize mental health issues, PFC Christopher Haines took decedent Riley to the Dauphin County Booking Center at Dauphin County Jail.

52.     During transport to the Dauphin County Jail, PFC Haines observed decedent's erratic behavior as he spoke in long, nonsensical sentences, prompting PFC Haines to repeatedly inquire about his mental health.

53.     In failing to train its police officers in detecting and recognizing mental health issues among the people its officers arrested, Defendant Susquehanna Police exposed its deliberate indifference to the medical and mental health needs of people its officers might be called upon to arrest.

54.     Defendant Susquehanna Police were under a duty to obtain for decedent Riley and other arrestees medical and/or mental health attention when it appeared they needed it, but said Defendant made no effort to provide or obtain any medical attention for decedent Riley or to train its officers to detect or recognize mental health issues in the people its officers arrested.

55.     Upon arriving at the Dauphin County Prison, PFC Haines, along with several Correctional Officers, including Officers Robert Ingersoll, Cameron Weaver, D. Bauer, Sergeant Scott Grieb and Lieutenant Greg Mendenhall, forced the decedent from the police car and into the Booking Center, and while doing so, they struck the decedent severely and unnecessarily about the head, shoulders and torso.

56.     Defendant Dauphin County Prison's Lieutenant Mendenhall sprayed the decedent with oleoresin capsicum (pepper spray) and wrestled him to the ground

where the other Correctional Officers beat him further and placed hand and ankle cuffs on him before taking him to Cell 132.

57. Decedent Riley experienced considerable physical pain and mental anguish at being beaten, pepper sprayed, and wrestled to the ground.

58. At that time, Defendant PrimeCare medical personnel tended to decedent Riley's injuries, but merely flushed his eyes following the pepper spray.

59. At that time, however, Defendant PrimeCare's medical personnel should have recognized that decedent Riley was in need of mental health treatment and had him taken from the prison to a medical or mental health treatment facility.

60. Said PrimeCare medical personnel failed to recognize decedent Riley's need for mental health treatment because Defendant PrimeCare failed to train its personnel assigned to duties at the prison in how to recognize serious mental health problems in the prison inmates whom they were assigned to treat and provide medical and mental health care.

61. Defendant PrimeCare was fully aware that persons confined in prison often suffered from mental health problems and illnesses, and that by failing to train its medical and mental health personnel in how to recognize and treat serious mental health problems in inmates, both inmates and/or prison personnel might be harmed.

62. In failing to train its medical and mental health personnel in how to recognize and treat serious mental health problems in inmates, Defendant PrimeCare exposed its deliberate indifference to the medical and mental health needs among the prisoners its staff might be called upon to treat.

17

63.   Because Defendant PrimeCare's medical personnel failed to recognize decedent Riley's serious mental health difficulties and then to divert him to a medical or mental health treatment facility, he remained at the mercy of Defendant Dauphin County Prison and its Correctional Officers and was subjected to more physical beatings and mistreatment.

64.   Defendant Dauphin County Prison's correctional officers failed to recognize decedent Riley's need for mental health treatment because Defendant Dauphin County Prison failed to train its correctional officers in how to recognize serious mental health problems in the prison inmates whom they were assigned to oversee.

65.   Defendant Dauphin County Prison was fully aware that persons confined in prison often suffered from mental health problems and illnesses, and that by failing to train its correctional officers in how to recognize and treat serious mental health problems in inmates, both inmates and/or prison personnel might be harmed.

66.   In failing to train its correctional officers in how to recognize and treat serious mental health problems in inmates, Defendant Dauphin County Prison exposed its deliberate indifference to the medical and mental health needs among the people its correctional officers might be required to guard and oversee.

67.   At some point, several Correctional Officers, including Sergeants Jason Adams and Michael Blouch, and Officers Taylor Glenn and Martin Myers, further beat and struck decedent Riley into submission while placing him in a restraint belt.

68.   While placing decedent Riley in the restraint belt, the said Correctional Officers

18

used unnecessary physical force to place him in the restraint belt and while placing him in the restrain belt, further injured him physically and mentally.

69. Decedent Riley experienced considerable pain and anguish at being beaten into submission, and forced into the restraint belt.

70. After decedent Riley was injured, Defendant PrimeCare Medical's staff assessed decedent Riley for injuries and merely cleaned a small abrasion on his right wrist.

71. Upon information and belief, some, but not all, of the incident involving the restraint belt was recorded on the Booking Center camera for Cell # 132.

72. Sometime thereafter, decedent Riley was regarded a suicide risk and placed in a suicide smock.

73. Although recognizing that decedent Riley presented a suicide risk, Defendant Dauphin County Prison's correctional officers should have taken steps to divert the decedent to a medical or mental health treatment facility, but failed to do so.

74. Instead of taking such steps to divert the decedent to proper treatment facilities, said correctional officers merely kept him locked and shackled in a suicide watch cell.

75. While housed in Defendant Dauphin County's prison in a suicide watch cell A1-5, a decision was finally made that decedent should be taken to the Harrisburg Hospital.

76. At that time, decedent Riley complained of abdominal pain, but his complaints were ignored. Moreover, neither PrimeCare staff nor Defendant Dauphin County Jail correctional officers showed any urgency to get him to the hospital.

77. At or about 9:50 AM on June 26, 2019, Defendant Correctional Officers began

changing decedent Riley from his suicide smock and into a prison uniform to take

him to the hospital, but said Correctional Officers handled him with unnecessary

roughness and he was again placed in handcuffs and leg irons.

78.    At that time, several Corrections officers, including Shift Commander Captain

Andrew Klahr, Sergeants Scott Lewis and Keith Biter, and Officers Danner and

Singleton beat and wrestled the decedent to the ground and again placed him in

shackles.

79.    Decedent Riley experienced considerable pain and anguish at again being

beaten, wrestled to the ground and shackled.

80.    After again beating and wrestling decedent Riley into submission, Captain

Andrew Klahr then ordered that decedent Riley be placed in a restraint chair until

an ambulance could be summoned.

81.    As Captain Klahr, Sergeants Scott Lewis and Keith Biter and Officers Danner

and Singleton were forcing the decedent into the restraint chair, decedent Riley

stopped breathing.

82.    Shortly thereafter, Defendant PrimeCare's staff arrived to find decedent Riley

unresponsive, pulseless and apneic.

83.    Defendant PrimeCare's staff performed chest compressions until personnel from

a Life Team Ambulance crew arrived at approximately 10:10 AM and took over

resuscitation efforts.

84.    At approximately 10:49 AM, after trying to revive decedent Riley for over half an

hour, the Life Team staff transported decedent Riley from the prison to the

Harrisburg Hospital Emergency Room.

85.  Decedent Riley was admitted to the UPMC hospital upon a chief complaint of cardiac arrest.

86.  A hospital Inpatient Encounter report dated June 26, 2019, indicated that decedent Riley was intubated, had unequal pupil size and that his eyes did not follow objects.

87.  The Inpatient Encounter report also documented that decedent Riley had an abrasion over his left eyebrow; that his tongue was pink and lacerated; that there were missing teeth; that his cardiac telemetry showed premature ventricular contractions and that his capillary refill was sluggish.

88.  The Inpatient Encounter report also reported that decedent Riley's urine production was diminished, but that the urine that was produced was red and appeared sedimentary.

89.  Decedent Riley's urine was screened, and no drugs were detected in his urine.

90.  Another Inpatient Encounter Report indicated that, when admitted, decedent Riley had diffuse subcutaneous emphysema associated with a sternal fracture, and widely distributed pneumomediastinum and pneumoperitoneum.

91.  In an Inpatient Encounter Report dated June 27, 2019, it was disclosed that decedent Riley was subjected to a bronchoscopy with alveolar lavage to address a preoperative diagnosis of Pneumomediastinum and to rule out a tracheal injury. He was noted to be already sedated and on mechanical ventilation and to have been admitted with cardiac arrest and a sternal fracture.

92.  On July 1, 2019, decedent Riley died, and a Nursing Timeline suggested that his death resulted from external injuries that occurred in prison.

93.    His final diagnosis included, *inter alia*, cardiac arrest due to an unspecified
       cause, cerebral edema, acute kidney failure, acute respiratory failure with
       hypoxia, anoxic brain damage, a traumatic pneumothorax encounter and an
       unspecified fracture of the sternum.

94.    The decedent's injuries were the direct and proximate result of the several
       severe and excessive beatings to which he was subjected at the hands of
       Defendant Dauphin County Prison Correctional Officers.

### COUNT I:  Plaintiffs Carmen Riley and Thomas Matthews -v- All Defendants
### (Wrongful Death)

95.    The Allegations contained in all preceding Paragraphs are here incorporated and
       included by reference as if fully set forth here.

96.    Decedent's sole survivors are his parents, Carmen Riley and Thomas Matthews,
       who together are entitled to recover damages for his death, and on whose behalf
       this action is brought pursuant to the Pennsylvania Wrongful Death Act 42
       Pa.C.S.A. Section 8301 et seq.

97.    Decedent's death was caused by the intentional, grossly negligent conduct of the
       defendants, individually and/or jointly, who acted with deliberate indifference and
       reckless disregard for the welfare of the decedent.

98.    As described above, Defendants unlawfully, wantonly, unreasonably, maliciously,
       unnecessarily and/or with deliberate and reckless indifference to the health and
       welfare of the Decedent and the Plaintiffs, caused the death of decedent,
       Ty'rique Riley, by subjecting him to excessive and unwarranted beatings and
       other physical force.

99.   As a direct and proximate result of defendants' individual and joint actions, decedent Ty'rique Riley was unnecessarily caused extreme physical pain, mental anguish and suffering, and death, and was deprived of the enjoyment and pleasure of life.

100.  As a further direct and proximate result of Defendant's actions, decedent's survivors have suffered serious emotional pain and economic loss due to the wrongful death of their son, Ty'rique Riley.

101.  As a direct and proximate result of defendant's actions, decedent's parents are entitled to recover damages for :

      (a)   the loss of the value of decedent's services;

      (b)   loss of decedent's comfort and society;

      (c)   contributions decedent would have made to the plaintiffs from his labor;

      (d)   all damages recoverable under the statute.

**WHEREFORE**, Plaintiffs Carmen Riley and Thomas Matthews demand judgment in their favor and against all Defendants, individually and/or jointly, and request compensatory damages, punitive damages, reasonable attorneys fees and costs in a sum in excess of One Million Dollars ($1,000,000.00).

### COUNT II:  Estate of Ty'rique Riley -v- All Defendants
### (Survival Action)

102.  The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

103.  As a direct and proximate result of the Defendant's actions as described herein,

Ty'rique Riley suffered grievous bodily injury, and mental and physical pain and suffering.

104.    On behalf of the Estate of Ty'rique Riley, Carmen Riley, Administrator of the Decedent's Estate, brings this action under the Pennsylvania Survival Act, 42 Pa. C.S.A. Section 8302, and claims for Ty'rique Riley's Estate compensation for all damages suffered by Ty'rique Riley and recoverable under the statute by reason of the grievous bodily injury, mental and physical pain and suffering caused him by the Defendants as described above.

**WHEREFORE**, the Estate of Ty'rique Riley demands judgment in its favor and against all Defendants, individually and/or jointly, and requests compensatory damages, punitive damages, exclusive of interest and reasonable attorney's fees and costs in a sum in excess of One Million Dollars ($1,000,000.00).

### COUNT III: All Plaintiffs  -v- Defendant Susquehanna Township Police Department, Corporal Richard Wilson, Patrolman Demetrius Glenn, Patrolman Michael Darcy and PFC Chris Haines, Individually and/or jointly (Negligence)

105.    The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

106.    At all times relevant hereto, Defendant Susquehanna Township Police and its police officers Corporal Richard Wilson, Patrolman Demetrius Glenn, Patrolman Michael Darcy and PFC Chris Haines, Individually and/or jointly, were under a duty and obligation to recognize and identify that decedent Riley had serious mental health problems and to divert him from a prison environment to a hospital or mental health facility that he might receive treatment instead of punishment.

24

107. At all times relevant hereto, said Defendants individually and jointly breached that duty by failing to recognize and identify that decedent Riley had serious mental health problems and failing to divert him from a prison environment to a hospital or mental health facility at which he would have received treatment instead of incarceration.

108. As a direct and proximate result of that breach, decedent Ty'rique Riley died on July 1, 2019 at the age of twenty-one (21) years old.

**WHEREFORE**, the Plaintiffs Carmen Riley, Thomas Matthews and Estate of Ty'rique Riley demand judgment in their favor and against Defendants Susquehanna Township Police and its police officers Corporal Richard Wilson, Patrolman Demetrius Glenn, Patrolman Michael Darcy and PFC Chris Haines, individually and/or jointly, and request compensatory damages, punitive damages, exclusive of interest and reasonable attorney's fees and costs in a sum in excess of One Million Dollars ($1,000,000.00).

**COUNT IV: All Plaintiffs  -v- Defendant Dauphin County Prison, Warden Brian Clark, Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or jointly
(Negligence)**

109. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

110. At all times relevant hereto, Defendant Dauphin County Prison, and its agents and workmen, including Warden Brian Clark, Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant

Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert

Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn,

Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or

jointly, were under a duty and obligation to recognize and identify that decedent

Riley had serious mental health problems and to divert him from a prison

environment to a hospital or mental health facility that he might receive treatment

instead of punishment.

111.    At all times relevant hereto, said Defendants individually and jointly breached that

duty by failing to recognize and identify that decedent Riley had serious mental

health problems and failing to divert him from a prison environment to a hospital

or mental health facility at which he would have received treatment instead of

incarceration.

112.    As a direct and proximate result of that breach, decedent Ty'rique Riley died on

July 1, 2019 at the age of twenty-one (21) years old.

113.    At all times relevant hereto, Defendants individually and jointly were under a

further duty and obligation to treat Ty'rique Riley reasonably and humanely and

to refrain from subjecting him to unreasonable beatings and excessive physical

force in restraining him.

114.    At all times relevant hereto, however, Defendants Captain Andrew Klahr,

Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams,

Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer

Robert Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor

Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually

and/or jointly, breached that duty by treating Ty'rique Riley unreasonably and inhumanely and subjecting him to unreasonable beatings and excessive physical force in restraining him as described herein.

115. As a direct and proximate result of said unreasonable and inhumane treatment and excessive physical force as described herein to which he was subjected at the hands of the said Defendants, individually and/or jointly, Ty'rique Riley died.

**WHEREFORE**, the Plaintiffs Carmen Riley, Thomas Matthews and Estate of Ty'rique Riley demand judgment in their favor and against Defendants Susquehanna Township Police and its police officers Corporal Richard Wilson, Patrolman Demetrius Glenn, Patrolman Michael Darcy and PFC Chris Haines, individually and/or jointly, and request compensatory damages, punitive damages, exclusive of interest and reasonable attorney's fees and costs in a sum in excess of One Million Dollars ($1,000,000.00).

### COUNT V: All Plaintiffs  -v- Defendant PrimeCare
### (Medical Negligence)

116. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

117. At all times relevant hereto, Defendant PrimeCare had a duty to comply with generally accepted medical and mental health standards of care in its medical and mental health treatment of Decedent Riley.

118. Defendant PrimeCare, by and through its respective agents, workmen, doctors and nurses, violated its duty of care to the decedent.

119. Defendant PrimeCare's violation of its duty of care to the decedent was a direct

and proximate cause and a substantial factor in bringing about the decedent's injuries and eventual death.

**WHEREFORE**, Plaintiffs Carmen Riley, Thomas Matthews and Estate of Ty'rique Riley demand judgment in their favor and against Defendant PrimeCare Medical and requests compensatory damages, punitive damages, exclusive of interest and reasonable attorney's fees and costs in a sum in excess of One Million Dollars ($1,000,000.00).

**COUNT VI: All Plaintiffs -v- Defendants PFC Chris Haines, Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or jointly.**
**(Assault)**

120. The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

121. At all times when decedent Riley was beaten and rough-handled at Defendant Dauphin County Prison by Susquehanna Police Officer PFC Chris Haines and prison Correctional Officers Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or jointly, said Defendants, individually and/or jointly, intended to cause harmful and offensive physical contact with decedent Ty'rique Riley.

122. As a result of said Defendants' acts, decedent Ty'rique Riley was placed in

imminent fear and immediate apprehension that said Defendants would cause harmful and offensive touching of his person.

123.   Said Defendants, therefore, did assault decedent Ty'rique Riley.

**WHEREFORE**, Plaintiffs Carmen Riley, Thomas Matthews and Estate of Ty'rique Riley demand judgment in their favor and against Defendants PFC Chris Haines, Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or jointly, and request compensatory damages, punitive damages, exclusive of interest and reasonable attorney's fees and costs in a sum in excess of One Million Dollars ($1,000,000.00).

**COUNT VII: All Plaintiffs  -v- Defendants PFC Chris Haines, Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or jointly.
(Battery)**

124.   The Allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

125.   At all times when decedent Riley was beaten and rough-handled at Defendant Dauphin County Prison by Susquehanna Township Police Officer Chris Haines and prison Correctional Officers Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert Ingersoll,

29

Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or jointly, said Defendants, individually and/or jointly, intended to cause harmful and offensive physical contact with decedent Ty'rique Riley, and did, in fact, touch and contact his physical harmfully and offensively.

126.   Said Defendants, therefore, did commit a battery on decedent Ty'rique Riley.

WHEREFORE, Plaintiffs Carmen Riley, Thomas Matthews and Estate of Ty'rique Riley demand judgment in their favor and against Defendants PFC Chris Haines, Captain Andrew Klahr, Lieutenant Greg Mendenhall Sergeant Scott Grieb, Sergeant Jason Adams, Sergeant Michael Blouch, Sergeant Scott Lewis, Sergeant Keith Biter, Officer Robert Ingersoll, Officer Cameron Weaver, Officer D. Bauer, Officer Taylor Glenn, Officer Danner, Officer Singleton and Officer Martin Myers, individually and/or jointly, and request compensatory damages, punitive damages, exclusive of interest and reasonable attorney's fees and costs in a sum in excess of One Million Dollars ($1,000,000.00).

Respectfully submitted,

Riley H. Ross III, Esquire
Kevin V. Mincey, Esquire

## VERIFICATION

I, **Thomas Matthews**, hereby verify that I am authorized to execute this verification to the forgoing Complaint. The factual averments in the within filing are based upon information that has been furnished to my counsel and information that has been gathered by my counsel related to this lawsuit. The language of the pleading, and to the extent that the statements therein are based upon information I have given to my counsel, is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the filing are that of my counsel, I have relied upon counsel in making this verification. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Date: 2/10/2020

Thomas Matthews

## VERIFICATION

I, **Carmen Riley**, hereby verify that I am authorized to execute this verification to the forgoing Complaint. The factual averments in the within filing are based upon information that has been furnished to my counsel and information that has been gathered by my counsel related to this lawsuit. The language of the pleading, and to the extent that the statements therein are based upon information I have given to my counsel, is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the filing are that of my counsel, I have relied upon counsel in making this verification. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Date: 2/10/2020

Carmen Riley

## VERIFICATION

On behalf of **The Estate of Ty'rique Riley**, I hereby verify that I am authorized to execute this verification to the forgoing Complaint. The factual averments in the within filing are based upon information that has been furnished to my counsel and information that has been gathered by my counsel related to this lawsuit. The language of the pleading, and to the extent that the statements therein are based upon information I have given to my counsel, is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the filing are that of my counsel, I have relied upon counsel in making this verification. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsifications to authorities.

Date: 2/10/2020                    Carmen Riley
                                   Carmen Riley