**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMEN RILEY, et al. | : | |
| Plaintiffs, | : | Civil Action Number |
| v. | : | 20-CV-00325 |
| WARDEN BRIAN CLARK, et al. | : | (ARBUCKLE, M.J.) |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
LEAVE TO FILE AN AMENDED CERTIFICATE OF MERIT**

**I.    BACKGROUND**

On February 5, 2020, Plaintiffs filed a complaint in Dauphin County Court of Common Pleas against the defendants in this matter. (Doc. 1, Ex. 21.) On February 25, 2020, many of the defendants in this matter filed a "Notice of Removal" to the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) On March 6, 2020, the Court ordered Plaintiffs to file either a Motion to Remand with Supporting Brief or file an Amended Complaint. (Doc. 1, Ex. 9.) Plaintiffs chose to file an Amended Complaint and that Complaint was added to the docket on May 8, 2020. (Doc. 16.)

Count X of the Amended Complaint asserted a Medical Negligence claim against Defendants PrimeCare Medical, Inc. ("PrimeCare") and PrimeCare John Doe Medical Employees ("PrimeCare John Does"). To support the claims against both PrimeCare and PrimeCare John Does, Plaintiffs filed a Certificate of Merit on May 12, 2020. (Doc. 18.)

Subsequently, several defendants filed Motions to Dismiss. (Docs. 28 and 45.)

Defendant PrimeCare did not file a Motion to Dismiss.  This Court issued a separate Report and Recommendation in response to each Motion, recommending dismissal of several named defendants.  (Docs. 51 and 52.)  On January 13, 2021, District Court Judge Brann issued an Ordered adopting each Report and Recommendation.  (Doc. 54.).

Plaintiffs subsequently filed a Motion to Amend, attaching a proposed Second Amended Complaint that addresses the deficiencies raised in each Report and Recommendation and to asserts claims against an additional defendant.  (Doc. 60-1.)  Notably, the proposed Second Amended Complaint asserts the identical Medical Negligence claims against Defendants PrimeCare and PrimeCare John Does.  Plaintiffs' Motion to Amend is pending.

## II.     STANDARD OF LAW

In general, the grant or denial of a motion for leave to amend, pursuant to Fed.R.Civ.P. 15(a), is within the sound discretion of the district court; it will be reversed only for an abuse of discretion.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Canister Co. v. Leahy, 191 F.2d 255, 257 (3d Cir.), cert. denied, 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669 (1951).  Rule 15(a)(2) directs that leave to amend shall be freely given when justice so requires. Adams -v- Gould, 739 F.2d 858 (3d Cir. 1984).

### III.     ARGUMENT

As an initial matter, the Certificate of Merit filed by Plaintiffs addresses claims to which PrimeCare is directly responsible *and* claims to which PrimeCare is liable for the actions of its agents, workers, doctors and nurses.  Rule 1042.3(a)(1) of the Pennsylvania Rules of Civil Procedure addresses claims against a defendant based on his/her/its own actions by asserting the following:

> an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. . . .

231 Pa. Code § 1042.3(a)(1).  In their Amended Complaint and proposed Second Amended Complaint, Plaintiffs assert claims against PrimeCare based on its own actions and inactions, namely its failure to establish adequate training, polices, practices and procedures to ensure that inmates suffering from mental health issues receive proper treatment.  *See* Doc. 16 at ¶¶ 81-83, 188, 190; Doc. 60-1 at ¶¶ 91-93, 200, 203.  As such, the first paragraph of the Certificate of Merit sought to track the language of Rule 1042.3(a)(1):

> I, Kevin V. Mincey, certify that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Doc. 18.

Separately, Rule 1042.3(a)(2) addresses claims asserting vicarious liability against a defendant by requiring a certification that asserts the following:

> the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard. . . .

231 Pa. Code § 1042.3(a)(2).  The Amended Complaint and proposed Second Amended Complaint also assert that PrimeCare is responsible for the actions of its agents, workers, doctors and nurses.  *See* Doc. 16 at ¶¶ 81, 83, 189; Doc. 60-1 at ¶¶ 91, 93, 202.  As such the second paragraph of the Certificate of Merit sought to track the language of Rule 1042.3(a)(2):

> Primecare Medical, Inc. deviated from an acceptable professional standard based solely on allegations that other licensed professionals for who this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Doc. 89.

Rule 1042.3(b)(2)(ii) explicitly allows a party to file a single certificate of merit to address a complaint that raises claims under both subdivisions (a)(1) and (a)(2).  Because Plaintiffs' Amended Complaint raised claims under both subdivisions (a)(1) and (a)(2), i.e., claims asserting direct *and* vicarious liability, the Certificate of Merit included both paragraphs.

Plaintiffs now seek to amend the Certificate of Merit because the word "solely" in the second paragraph of the Certificate of Merit may lead Defendant to wrongly assert that the Certificate of Merit was filed to address a vicarious liability claim against PrimeCare only.[1] Although Plaintiffs could argue that the claims in the Amended Complaint (and proposed Second Amended Complaint) and the inclusion of language from both subdivisions (a)(1) and (a)(2) firmly support a conclusion that the Certificate of Merit as filed certifies claims of both direct liability and liability for the actions of others against PrimeCare, it seems more sensible to avoid any confusion by amending the Certificate of Merit to make it clear that an appropriate licensed professional has supplied the necessary written statement to support all claims against PrimeCare stated in the Amended Complaint and proposed Second Amended Complaint. PrimeCare will not be prejudiced by an Amended Certificate as the Motion to Amend is still pending and the parties still have depositions to conduct in discovery. Moreover, the original Certificate constitutes substantial compliance that would allow this Court to accept an Amended Certificate under Rule 126 regarding the liberal construction and application of the Rules. See Womer v. Hilliker, 589 Pa. 256, 271-72 (2006).

To that end, Plaintiffs attached the proposed Amended Certificate of Merit hereto as Exhibit A and a copy of the same with track changes as Exhibit B.

---

[1] Such wrongful assumptions were recently made by the same defendant in a separate litigation.

5

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask that this Court grant them leave to file an Amended Certificate of Service.

                                            Respectfully submitted,

                                            **MINCEY FITZPATRICK ROSS, LLC**

                                            <u>/s/ Kevin V. Mincey</u>
                                            Kevin V. Mincey

                                            <u>/s/ Riley H. Ross III</u>
                                            Riley H. Ross III

Date:  August 31, 2021                       ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, the above Motion was filed via the Court's CM/ECF system, is available for viewing and downloading, and, as such, was served upon opposing counsel.

/s/ Kevin V. Mincey
Kevin V. Mincey