# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN RILEY, *et al.*, | No. 4:20-CV-00325 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | (Magistrate Judge Arbuckle) |
| WARDEN BRIAN CLARK, *et al.*, | |
| Defendants. | |

## ORDER

### MARCH 7, 2022

Plaintiffs filed this civil rights complaint, which they later twice amended, alleging that numerous defendants violated Ty'rique Riley's ("Ty'rique") constitutional rights during his pretrial detention, which ultimately resulted in Ty'rique's death.[1] In December 2021, Magistrate Judge William I. Arbuckle issued a Report and Recommendation recommending that this Court deny Angela Swanson's motion to dismiss.[2] Magistrate Judge Arbuckle recommended that Plaintiffs had adequately stated claims against Swanson, and that Swanson's assertion that she is entitled to qualified immunity should be denied because she failed to fully brief that issue.[3]

---

[1] Docs. 1, 16, 64.
[2] Doc. 94.
[3] *Id.*

Swanson filed timely objections to the Report and Recommendation.[4] Swanson does not challenge the conclusion that Plaintiffs adequately stated claims against her but, instead, only challenges the denial of qualified immunity at this stage.[5] Specifically, Swanson asserts that the correct question for any qualified immunity analysis here is whether it was "clearly established that a correctional officer witnessing otherwise legal force against a pretrial detainee should intervene because the force is excessive due to the detainee's mental health, when the officer lacks direct knowledge of the detainee's mental health" and, when framed in that manner, Swanson's obligation to act was not clearly established.[6]

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[7] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[8] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[9] Here, Swanson

---

[4] Doc. 96.
[5] Id.
[6] Id.
[7] Fed. R. Civ. P. 72(b), advisory committee notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[8] Equal Emp't Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[9] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

objects to Magistrate Judge Arbuckle's recommendation that her request for qualified immunity be denied, but objects to no other portion of the recommendation. The recommendation that Swanson be denied qualified immunity is therefore subject to *de novo* review, while the remainder of the recommendation is reviewed only for clear error.[10]

As to Swanson's claim of qualified immunity, "[t]he qualified immunity inquiry contains two prongs: (1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation."[11] To determine whether a right was clearly established, courts must "frame the right in light of the specific context of the case, not as a broad general proposition" and "ask whether . . . the right was sufficiently clear that a reasonable official would understand that what he is doing violates that right."[12] "[T]he officer bears the burden of establishing his entitlement to qualified immunity."[13]

Although Swanson asserts that the correct question for qualified immunity here is whether it was "clearly established that a correctional officer witnessing otherwise legal force against a pretrial detainee should intervene because the force

---

[10] *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct *de novo* review of portions of recommendation to which no party files specific objections).
[11] *Jefferson v. Lias*, 21 F.4th 74, 80 (3d Cir. 2021).
[12] *Id.*
[13] *Id.*

is excessive due to the detainee's mental health, when the officer lacks direct knowledge of the detainee's mental health,"[14] nothing in the second amended complaint remotely suggests that this is the proper analysis. The second amended complaint does not suggest that the forced used on Ty'rique on June 26, 2019 would have been lawful had Ty'rique not suffered from mental health issues.

To the contrary, Plaintiffs allege simply that Defendants used excessive force against Ty'rique by "shooting excessive pepper spray into his face and mouth, beating[] [him], and subjecting him to handcuffs and other physical restraints in such a way as to cause him physical pain and emotional pain and anguish," and that Swanson failed to intervene when this occurred.[15] Plaintiffs therefore assert that the force used was excessive regardless of Ty'rique's mental health issues;[16] any suggestion that the force used was excessive only because of Ty'rique's mental health issues would be illogical, as a claim of excessive force against a pretrial detainee is analyzed under an objective standard,[17] and Ty'rique's mental health is

---

[14] Doc. 96 at 5.
[15] Doc. 60-1 ¶ 159; *see id.* ¶¶ 110-14, 160-72.
[16] While Swanson cites to certain paragraphs in the second amended complaint that address Ty'rique's mental health issues, Doc. 102 at 3-4, those allegations are unrelated to the claim that Defendants allegedly used excessive force on June 26, 2019.
[17] *See Kingsley v. Hendrickson*, 576 U.S. 389, 391-92 (2015) (under Fourteenth Amendment's Due Process Clause a pretrial detainee need not "show that the officers were *subjectively* aware that their use of force was unreasonable" but, rather, need only demonstrate "that the officers' use of that force was *objectively* unreasonable").

largely irrelevant to the question of whether the force was used against him was proper.[18]

Accordingly, the appropriate question is whether it was clearly established on June 26, 2019 that a correctional officer who witnessed other correctional officers pepper spraying and beating a detainee—as is alleged here—had a duty to intervene and protect that detainee. The answer to that question is clearly yes.[19] The Court therefore finds no error in Magistrate Judge Arbuckle's conclusion that Swanson is not entitled to qualified immunity at this stage, nor does it find any clear error in his conclusion that Plaintiffs adequately stated claims against Swanson, and that her motion to dismiss should be denied. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge William I. Arbuckle's Report and Recommendation (Doc. 94) is **ADOPTED**;

2. Swanson's motion to dismiss (Doc. 71) is **DENIED**;

---

[18] *See Jacobs v. Cumberland Cty.*, 8 F.4th 187, 194-95 (3d Cir. 2021) (to determine whether excessive force was used, courts must consider the circumstances of each case, "includ[ing] 'the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting" (quoting *Kingsley*, 576 U.S. at 397)).

[19] *See Smith v. Mensinger*, 293 F.3d 641, 652 (3d Cir. 2002) (holding that correctional officer had duty to intervene when he witnessed an inmate being beaten and he had an opportunity to intervene but refused to do so).

3.  Swanson's request for qualified immunity is **DENIED** without prejudice to her right to again seek qualified immunity when dispositive motions are filed; and

4.  This matter is **REMANDED** to Magistrate Judge Arbuckle for further proceedings.

                                                          BY THE COURT:

                                                          *s/ Matthew W. Brann*
                                                          Matthew W. Brann
                                                          Chief United States District Judge