# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RILEY, ADMINISTRATOR OF THE ESTATE FOR TY'RIQUE RILEY and CARMEN RILEY AND THOMAS MATTHEWS KEMRER, Individually, as parents and natural guardians of decedent Ty'rique Riley and as his sole survivors, | : : : : : : : : | NO.: 4:20-CV-00325-MWB-WIA  CIVIL ACTION – LAW  JUDGE MATTHEW W. BRANN M.J. WILLIAM I. ARBUCKLE |
| Plaintiffs | : : | *Electronically Filed* |
| v. | : : | |
| BRIAN CLARK, Warden; et al., | : : | |
| Defendants | : | JURY TRIAL DEMANDED |

**BRIEF OF PRIMECARE MEDICAL, INC. IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER (DOC. 133)**

**I.   PERTINENT HISTORY OF THE CASE**

This matter arises from the death of Ty'rique Riley after an incarceration in the Dauphin County Prison.  Mr. Riley died on July 1, 2019.  Plaintiffs commenced their lawsuit with the filing of Writ of Summons in the Court of Common Pleas of Dauphin County on August 20, 2019.  This matter was removed to this Court on February 5, 2020.

The present matter has proceeded through discovery in this Court.  As part of the discovery process, Plaintiffs requested the deposition of Dr. Garrett Rosas, a licensed psychologist, who during Mr. Riley's incarceration was employed by PrimeCare Medical, Inc. ("PrimeCare") to provide mental health services to inmates in the Dauphin County Prison.

Dr. Rosas performed mental health evaluations of Mr. Riley prior to Mr. Riley's death. PrimeCare produced Dr. Rosas, who was an employee of PrimeCare at the time, for the requested deposition on July 7, 2022. Plaintiffs' counsel was able to ask Dr. Rosas about his education, training, work experience, discipline, policies, procedures, and treatment of Mr. Riley. Attached as Exhibit A to PrimeCare's Motion for Protective Order (Doc. 133) is a copy of Dr. Rosas' deposition.

Dr. Rosas was fired by PrimeCare on January 10, 2023. On May 17, 2023, Dr. Rosas filed an alleged whistleblower lawsuit against PrimeCare in the Court of Common Pleas of Dauphin County. Attached as Exhibit B to PrimeCare's Motion for Protective Order (Doc. 133) is a copy of Dr. Rosas' lawsuit.

Dr. Rosas' lawsuit is critical of the actions of Dr. Robert Nichols, another PrimeCare psychologist at Dauphin County Prison, placing an inmate on suicide precautions on December 20, 2022. The event which was alleged to have occurred was more than three years after Mr. Riley died and over five months after Dr. Rosas' deposition in this case. Dr. Nichols had no role in providing any care to Mr. Riley.

Plaintiffs' counsel had indicated that they wanted to take a second deposition of Dr. Rosas, and the undersigned indicated an objection. The parties had a telephonic conference to discuss the dispute with the Court. The Court indicated that Plaintiffs could contact Dr. Rosas' counsel to see if Dr. Rosas would be willing to appear for a deposition; and if so, PrimeCare was free to file a Motion for Protective Order. Dr.

2

Rosas has indicated a willingness to appear for a second deposition. Consequently, PrimeCare filed a Motion for Protective Order (Doc. 133) on July 13, 2023. This Brief is filed in support of the Motion for Protective Order.

II. **ISSUE**

SHOULD THIS HONORABLE COURT GRANT PRIMECARE'S MOTION FOR PROTECTIVE ORDER TO PREVENT A SECOND DEPOSITION OF DR. ROSAS WHERE PLAINTIFFS HAVE HAD A FULL OPPORTUNITY TO DEPOSE DR. ROSAS ON ANY POTENTIALLY DISCOVERABLE AND ADMISSIBLE EVIDENCE?

*Suggested Answer*:  YES

III. **ARGUMENT**

Fed. R. Civ. P. 26(b)(1), states in part, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Stevens v. Sullum,* No. 3:20-cv-01911, 2022 WL 4122195 (M.D. Pa. Sept. 9, 2022), citing *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(c) establishes that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). The burden of

showing "good cause" rests with the party seeking the protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986). The moving party must show with specificity that "disclosure will work a clearly defined and serious injury to the party." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "Good cause" cannot simply rest on "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone*, 785 F.2d at 1121. Furthermore, even when the moving party has met its burden for a protective order, such an order "must be narrowly drawn as to not constitute an abuse of discretion." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 892 (E.D. Pa. 1981).

Magistrate Judge Mehalchick has stated the Third Circuit has found seven factors have been recognized in evaluating where "good cause" exists:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Stevens v. Sullum* at *7, citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787–91).

It is submitted that events that occurred in December of 2022 (more than three years after Mr. Riley died) have no relevance to the present lawsuit. Further, Dr. Nichols

had no role in providing any treatment to Mr. Riley. Simply stated, a second deposition of Dr. Rosas is nothing more than a fishing expedition into irrelevant matters with a disgruntled former employee who seems intent on causing embarrassment to PrimeCare.

                Respectfully submitted,

                MARSHALL DENNEHEY WARNER
                COLEMAN & GOGGIN

By:   s/*John R. Ninosky*
        JOHN R. NINOSKY, ESQUIRE
        PA Attorney ID No. 78000
        100 Corporate Center Drive, Suite 201
        Camp Hill, PA  17011
        Telephone (717) 651-3709
        Facsimile (717) 651-3707
        jrninosky@mdwcg.com

Date:   July 13, 2023         *Attorney for Defendant PrimeCare Medical, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of July, 2023, the foregoing *Brief in Support of Motion for Protective Order* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Kevin V. Mincey, Esquire<br>Riley H. Ross, III, Esquire<br>Mincey Fitzpatrick Ross, LLC<br>12th Floor, East Tower<br>1500 Market Street<br>Philadelphia, Pa 19102<br>kevin@minceyfitzross.com<br>riley@minceyfitzross.com<br>*Attorneys for Plaintiff* | Frank J. Lavery, Jr., Esquire<br>Andrew W. Norfleet, Esquire<br>Lavery Law<br>225 Market Street ~ P.O. Box 1245<br>Harrisburg, PA 17108<br>flavery@laverylaw.com<br>anorfleet@laverylaw.com<br>*Attorneys for County Defendants* |
| David J. MacMain, Esquire<br>Matthew S. Polaha, Esquire<br>MacMain, Connell & Leinhauser<br>433 W. Market Street, Suite 200<br>West Chester, PA 19382<br>dmacmain@macmainlaw.com<br>mpolaha@macmainlaw.com<br>*Attorneys for Susquehanna Township Police Defendants* | Donald L. Carmelite, Esquire<br>Yael L. Dadoun, Esquire<br>Marshall Dennehey Warner<br>   Coleman & Goggin<br>100 Corporate Center Dr., Suite 201<br>Camp Hill, PA 17011<br>dlcarmelite@mdwcg.com<br>yldadoun@mdwcg.com<br>*Attorneys for Angela Swanson and Matthew Danner* |

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

By: /s/ *John R. Ninosky*
       John R. Ninosky