**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMEN RILEY, Administrator | : | |
| of the Estate of TY'RIQUE | : | Civil Action No.: |
| RILEY, CARMEN RILEY, and | : | 4:20-cv-325-MWB-WIA |
| THOMAS MATTHEW, | : | JUDGE MATTHEW W. BRANN |
| | : | M.J. WILLIAM I. ARBUCKLE |
| Plaintiffs | : | |
| v. | : | *Electronically Filed* |
| | : | |
| BRIAN CLARK, Warden, et al., | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S PRIMECARE MEDICAL, INC.'S MOTION FOR PROTECTIVE ORDER

Plaintiffs Carmen Riley, Administrator of the Estate of Ty'rique Riley, Carmen Riley, and Thomas Matthew, by and though their attorneys, Mincey Fitzpatrick Ross, LLC, submit this Brief in Opposition to Defendant's PrimeCare Medical, Inc.'s ("PrimeCare") Motion for Protective Order filed on July 13, 2023 (DOC 133).

## I.    COUNTERSTATEMENT OF THE FACTS

On July 1, 2019, Ty'rique Riley died while incarcerated in the Dauphin County Prison. Plaintiffs commenced their lawsuit asserting claims regarding the death of Mr. Riley in the Court of Common Pleas of Dauphin County on August 20, 2019; this matter was removed to this Court on February 5, 2020.

During discovery, Plaintiffs sought the deposition of Dr. Garrett Rosas, a then employee of Defendant PrimeCare. Dr. Rosas, a licensed psychologist, performed

mental health evaluations of Mr. Riley prior to Mr. Riley's death at Dauphin County Prison. Dr. Rosas' deposition was taken on July 7, 2022. When the deposition of Dr. Rosas was first taken, he was questioned about his qualifications, the policies, and procedures of Defendant PrimeCare, and his conduct during Mr. Riley's intake, among other subjects. On January 10, 2023, Dr. Rosas's employment was terminated by Defendant PrimeCare. Dr. Rosas' subsequently filed a whistleblower complaint against Defendant PrimeCare on May 17, 2023. Dr. Rosas alleges that he was terminated from his employment in retaliation for opposing and reporting the unlawful conduct of another psychologist, Dr. Robert Nichols. Dr. Nichols allegedly placed inmates of Dauphin County Prison on suicide watch during intake as a punitive measure.  Like Plaintiffs' complaint, Dr. Rosas' whistleblower complaint against PrimeCare is grounded on PrimeCare's alleged failure to provide inmates appropriate care during the intake procedure.

Plaintiffs' counsel have stated that they want to take a second deposition of Dr. Rosas. Pursuant to this Courts direction, after Dr. Rosas indicated that he would be willing to appear for a second deposition, PrimeCare filed the pending Motion for Protective Order (Doc. 133) on July 13, 2023. This Brief is filed in opposition to Defendant PrimeCare's Motion.

## II.     **ARGUMENT- Defendant PrimeCare is not entitled to the relief it seeks.**

Generally, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…" and "the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The decision to grant or deny leave to re-depose a witness is guided by Rule 26(b)(2)(C), which requires the party opposing the second deposition to demonstrate that: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the  issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). Courts in this Circuit have granted leave to take a second deposition of the same witness, particularly when the party opposing the second deposition is unable to show undue burden or expense. *See, e.g., Hurley v. Jarc Builders, Inc.,* 164 F.R.D. 39, 40 (E.D. Pa. 1995).

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). The burden of showing "good cause" rests with the party seeking the protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986). The moving party must show with specificity that "disclosure will work a clearly defined and serious injury to the party." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). A protective order "must be narrowly drawn as to not constitute an abuse of discretion." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 892 (E.D. Pa. 1981).

Here, Defendant PrimeCare is not entitled to an order precluding the deposition of Dr. Garret Rosas because a second deposition of Dr. Rosas would be Plaintiffs' first opportunity to question Dr. Rosas about newly revealed information relevant to the subject matter of this action, Defendant PrimeCare has not established any good cause to preclude Dr. Rosas' testimony, and there will be no injury to any party except Plaintiffs if Dr. Rosas' testimony is precluded.

First, Plaintiffs seek to take a second deposition of Dr. Garrett Rosas in light of new disclosures by Dr. Rosas relevant to Plaintiffs' claims. Plaintiffs' claims against Defendant PrimeCare are based upon PrimeCare's failure to provide Mr. Riley appropriate care during his stay at Dauphin County Prison. In this case, Mr.

Riley was unable to complete the intake procedure and was placed on suicide watch. When the deposition of Dr. Rosas was first taken in July of 2022, he was questioned about his qualifications, the policies and procedures of PrimeCare, and his conduct during Mr. Riley's intake, among other subjects.

Since then, Dr. Rosas's employment was terminated by PrimeCare and Dr. Rosas subsequently filed a whistleblower complaint against PrimeCare. Dr. Rosas alleges that he was terminated from his employment in retaliation for opposing and reporting the unlawful conduct of another psychologist, Dr. Robert Nichols. This PrimeCare employee allegedly punished prisoners of Dauphin County Prison by putting them on suicide watch. Similar to Plaintiffs' complaint, Dr. Rosas' whistleblower complaint against PrimeCare is grounded on PrimeCare's alleged failure to provide inmates appropriate care during the intake procedure.

Plaintiffs now seek to adduce testimony from Dr. Rosas about the use of the suicide risk or suicide watch as punishment for inmates who did not successfully complete the initial intake at the prison during his tenure at PrimeCare. Plaintiffs expect Dr. Rosas to testify to the use of suicide risk status in Mr. Riley's case, and his training and experience with the use of the suicide risk status. This second deposition is justified because the suspicion of PrimeCare employees placing arrestees on suicide watch as a punitive measure only came to light after Dr. Rosas' first deposition. Dr. Rosas' whistleblower complaint, filed on May 17, 2023, was

Plaintiffs' first and only opportunity to learn that PrimeCare employees were suspected of placing arrestees on suicide watch as a punitive measure.

In *Hurley*, the Court for the Eastern District of Pennsylvania considered motions for protective orders concerning depositions noticed by the Plaintiff. *Hurley v. Jarc Builders, Inc.,* 164 F.R.D. 39, 40 (E.D. Pa. 1995). There, Plaintiff was a construction worker injured in a fall from scaffolding at a construction site. The Plaintiff sought to re-depose a defendant, asserting that the first deposition covered contracts, blueprints, correspondence, minutes of meetings, reports, statements, and photographs of the construction site. *Id.* Plaintiff asserted that he only learned of this defendant's possible involvement in ownership of entities involved at the construction site by this defendant during his deposition. *Id.* Plaintiff asserted that a second deposition would address which entity was actually the contractor for the construction site, which other entities were involved with the construction site and what the real relationship between the various corporate entities. *Id.* The Court found that a second deposition was warranted because there were many unanswered questions regarding the ownership and relationship of the various companies relevant to that litigation. *Id.* Further, the court found that the Movants had not demonstrated undue burden or expense from taking a second deposition nor any other element that would weigh in favor of a protection order. *Id.*

Similarly, a second deposition is warranted here because the revelations of Dr. Rosas' whistleblower complaint were not available to Plaintiff at the time of the first deposition. Mr. Riley is deceased, accordingly Plaintiffs' only sources of information about what occurred are individuals who were present and still alive, including Dr. Rosas.  Furthermore, Defendant PrimeCare fails to demonstrate the requisite "clearly defined and serious injury" that would result if the deposition proceeded. Despite reciting seven factors recognized in evaluating whether good cause exists, Defendant has not articulated how they apply in this case. Instead, they argue that a second deposition is "a fishing expedition into irrelevant matters with a disgruntled former employee who seems intent on causing embarrassment to PrimeCare" (Doc 133 at page 6). However, as noted in Defendant's brief, good cause cannot simply rest on "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Cipollone*, 785 F.2d at 1121. That Dr. Rosas may cause Defendant PrimeCare embarrassment, the only concern noted by Defendant, is not good cause. See *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (*citing Pansy*, 23 F.3d at 787–91). Furthermore, Defendant PrimeCare will have the same ability as any other party to ask Dr. Rosas any questions concerning his tenure, termination, and motivations. On the other hand, prejudice would result to Plaintiffs if Dr. Rosas deposition were not permitted to proceed.  Dr. Rosas' expected testimony about the use of suicide risk status as a

punishment for inmates is relevant or is likely to lead to relevant information concerning Plaintiffs' claims and Plaintiff's ability to meet their burden of proof.

## III.   <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs respectfully requests that the Court deny Defendant PrimeCare's motion to prevent Dr. Rosa's deposition.

Respectfully submitted,
**MINCEY FITZPATRICK ROSS, LLC**

By:   <u>*/s/Kevin V. Mincey*</u>
Kevin V. Mincey, Esquire
Riley H. Ross III, Esquire
One Liberty Place
1650 Market Street, 36th Floor
DATE:  August 7, 2023         Philadelphia, PA  19103
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin V. Mincey, do hereby certify that on this 7th day of August, 2023, I served a true and correct copy of the foregoing via the United States District Court for the Middle District's ECF on all counsel of record.


> */s/ Kevin V. Mincey*
> Kevin V. Mincey
> *Counsel for Plaintiffs*