## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARMEN RILEY, et al.,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION** |
| | : | **DOCKET No.: 4:20 - cv - 00325** |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **BRIAN CLARK, WARDEN, et al** | : | |
| **Defendants** | : | |

**SUPPLEMENT TO PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS BRIAN CLARK, DAUPHIN COUNTY, ANDREW KLAHR, STEVE SMITH, MARK NEIDIGH, RICHARD ARMERMANN, GREG MENDENHALL, SCOTT GRIEB, JASON ADAMS, MICHAEL BLOUCH, SCOTT LEWIS, KEITH BITER, ROBERT INGERSOLL, CAMERON WEAVER, TAYLOR GLENN, MARTIN MYERS, DELTA BAUER, STEVE SINGLETON, KEITH HOFFMAN AND TAMI DONOVAN**

Plaintiffs Carmen Riley, Administratrix of the Estate of Ty'rique Riley, Carmen Riley, and Thomas Matthews-Kemrer, submit this Supplement to their Brief in support of their Response in Opposition to Motion for Summary Judgment of Defendants Brian Clark, Dauphin County, Andrew Klahr, Steve Smith, Mark Neidigh, Richard Armermann, Greg Mendenhall, Scott Grieb, Jason Adams, Michael Blouch, Scott Lewis, Keith Biter, Robert Ingersoll, Cameron Weaver, Taylor Glenn, Martin Myers, Delta Bauer, Steve Singleton, Keith Hoffman, and Tami Donovan ("Defendants") to make the Court aware of a relevant study that was recently produced re Dauphin County Prison ("DCP").

This month, researchers at UCLA's BioCritical Studies Lab published a report titled, Deaths in Dauphin County Prison (Harrisburg, Penn.), 2009 - 2022.  (Attached hereto as Exhibit A.). The study examined the deaths of 31 people who died at DCP between 2008 and 2022, including Decedent Ty'rique Riley.  The study concluded the following:

> 1) Dauphin County Prison appears to have subjected Black prisoners to injurious and potentially lethal violence at higher levels than white prisoners; and
>
> 2) the Dauphin County Office of the Coroner appears to have habitually misclassified in-custody deaths attributable to traumatic violence as 'natural,' especially in cases involving deceased Black men.

Exh. A at 1.

While both findings relate directly to Decedent, the second finding is particularly relevant and important given Defendants' reliance on the findings of the Dauphin County Coroner.  *See* Doc 174 at 3, 27, 30, 33. The UCLA report specifically examined three deaths in which there was evidence of bodily trauma and use of force by law enforcement or jail staff. Exh. A at 11, 13 (Decedent Riley is "2019d".)  Despite this evidence, two of the cases are designated 'natural' deaths, and the third was designated

'undetermined.' In all three of these cases, one or more restraint chairs was used against the decedent. In two of these three cases, including Decedent Riley's case, OC spray was used against the decedent. The decedents in all three of these cases were Black men. Two of them, including Decedent Riley, were younger than 30 years old.

Plaintiffs respectfully ask this Court to consider these findings in ruling on Defendants' Motion for Summary Judgment.  The Coroner's Office's habitual misclassification of "in-custody deaths attributable to traumatic violence as 'natural,' especially in cases involving deceased Black men" is particularly relevant and supports a denial of Defendants' Motion.

Respectfully submitted,

**MINCEY FITZPATRICK ROSS, LLC.**

/s/ Riley H. Ross III
Kevin V. Mincey, PA ID No. 90201
Riley H. Ross III, PA ID No. 204676
Jennifer A. Nearn, PA ID No. 307517
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, Pa 19103
Telephone: (215) 587-0006
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Riley H. Ross, III, Esquire, hereby certify that on this 28th day of June 2024, a copy of the foregoing Supplement was filed via ECF and is available for viewing by all parties.

/s/ Riley H. Ross III
Riley H. Ross III, Esquire