## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RILEY, et al., | : | CIVIL ACTION NO. 4:20-CV-00325 |
| Plaintiffs | : | |
| | : | (Honorable Matthew W. Brann) |
| v. | : | |
| | : | *ELECTRONICALLY FILED* |
| WARDEN BRIAN CLARK, et al., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

### DEFENDANTS', MATTHEW DANNER AND ANGELA SWANSON, BRIEF IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION

Defendants, Matthew Danner ("Danner") and Angela Swanson ("Swanson")(collectively, "Moving Defendants"), by and through their counsel, respectfully file the following Brief in Opposition to Plaintiffs' Objections to Magistrate Judge Arbuckle's February 18, 2025 Report and Recommendation on the Motions for Summary Judgment.

### I.   RELEVANT PROCEDURAL BACKGROUND

Moving Defendants filed a Motion for Summary Judgment and Brief in Support on January 22, 2024 seeking to dismiss the claims asserted against them by Plaintiffs, Carmen Riley ("Riley"), as administrator of the estate and as Ty'rique Riley's parent, and Thomas Matthews-Kemrer ("Matthews-Kemrer"), as Ty'rique Riley's parent, (collectively "Plaintiffs"). **ECF 157-158.** On February 18, 2025,

Magistrate Judge William Arbuckle issued his Report and Recommendations (R&R), wherein he recommended granting summary judgment in favor of Moving Defendants as to Plaintiffs' claims for conspiracy contained in Counts I and II and denying summary judgment on any claims asserted against Moving Defendants in Counts V, VI, X, XI, XII, XIII, and XIV. **ECF 247.**

On March 4, 2025, Plaintiffs filed Objections to the R&R, which, relevant to Moving Defendants, objected to Magistrate Judge Arbuckle's recommendation to dismiss Plaintiffs' Count II Conspiracy to Deny Medical Care claim. **ECF 255.** Moving Defendants now file the within Brief in Opposition to Plaintiffs' Objections, and argue that Magistrate Judge Arbuckle's recommendation to dismiss Count II must be adopted.

## II.    STATEMENT OF QUESTIONS

1.    Whether the R&R correctly recommended that this Court grant Moving Defendants' Motion for Summary Judgment as to Plaintiffs' conspiracy to deny medical care claim against Danner[1] in Count II?

   ***Suggested Answer in the Affirmative.***

---

[1] Count II of Plaintiffs' Second Amended Complaint was not brought against Swanson. **See ECF 64; ECF 190** ("Count II alleges that those same Defendants, minus Defendant Swanson, conspired [ . . . ] to deny Ty'rique adequate mental and physical health care").

### III.    ARGUMENT

Plaintiffs cannot prove an Eighth Amendment medical care conspiracy against Danner. In the R&R, Magistrate Judge Arbuckle recommended the dismissal of Count II because Plaintiffs failed to prove an underlying constitutional violation. **ECF 247, pp. 121-124.** In their Objections, Plaintiffs argue that they stated an Eighth Amendment medical care claim against the DCP Supervisors and DCP Correctional Officers because the care Ty'rique received was inadequate. **ECF 255.** However, contrary to their arguments, Plaintiffs failed to establish an Eighth Amendment medical care claim against Danner.

To prove an Eighth Amendment medical care claim, a plaintiff must demonstrate: "(i) a serious medical need, and (ii) acts or omissions by [the Named Officers] that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (*citing Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). While the standard of proof for the first prong is the same for all Eighth Amendment medical care claims, the type of claim brought dictates the requirements to prove deliberate indifference. Specifically, "there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (*quoting United States ex. rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).

Where an Eighth Amendment claim asserts allegations of inadequate medical treatment, "the mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Id.* (*citing Durmer v. O'Carroll*, 991 F.2d 64, 69 n.13 (3d Cir. 1993)). As such, "there are two very distinct subcomponents to the deliberate indifference prong of an adequacy of care claim. The first is the adequacy of the medical care—an objective inquiry where expert testimony could be helpful to the jury. The second is the individual defendant's state of mind—a subjective inquiry". *Id.*

In contrast, a "denial of medical treatment claim must be approached differently than an adequacy of care claim." *Id.* at 537 (*citing United States ex. rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). "Unlike the deliberate indifference prong of an adequacy of care claim (which involves both an objective and subjective inquiry), the deliberate indifference prong of a [ . . . ] denial of medical treatment claim involves only one subjective inquiry". *Id.*

Unmistakably, Plaintiffs' Second Amended Complaint asserts an inadequate medical treatment claim against Defendants, not a denial of medical care. **ECF 64, p. 28 ¶¶138, 139** ("agreed and conspired among themselves to deny him <u>adequate</u> mental and physical health care" and "conspiring to deny Riley <u>adequate</u> mental and physical care") (emphasis added). However, Plaintiffs' argued a denial of medical

4

care claim, rather than inadequate medical treatment, when opposing Danner's Motion for Summary Judgment. **ECF 190, pp. 10, 12** ("Ty'rique Did Not Receive Medical Care" and "it is enough that Defendants failed to get Ty'rique medical care despite knowing that he had a serious need")**.** Notwithstanding, Plaintiffs' Objections to Magistrate Judge Arbuckle's Report returned to an inadequate medical treatment theory only. **ECF 255, p. 3.**

While the distinction of the medical care claims is important to properly analyze such claims, it is entirely unimportant which claim Plaintiffs allege, because they cannot prove either against Danner. Further, Plaintiffs failed to prove that Danner conspired to commit any Eighth Amendment medical care violation.

### A.    Plaintiffs inadequate care claim against Danner fails.

In their Objections to the R&R, Plaintiffs make the conclusory argument that they "have established that inadequate care was given to Ty'rique", and as such, "defendants were deliberately indifferent to a serious medical need." **ECF 255, p. 4.** However, as discussed above, inadequate medical treatment alone is insufficient to prove a Eighth Amendment inadequate medical treatment claim. *Pearson*, 850 F.3d at 535. Neither negligence nor medical malpractice establishes a claim for deliberate indifference. *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015) (*citing Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). Plaintiffs must also prove the subjective intent element against Danner.

Danner, as a non-medical prison official, cannot be found liable for an Eighth Amendment inadequate medical treatment claim. As discussed in Moving Defendants' prior briefs, medical staff regularly treated Ty'rique during his time in prison. Specifically, a psychologist and/or a psychiatrist treated him at least four times between June 18, 2019 and June 26, 2019. **ECF 158, p. 13.** While Plaintiffs now argue that corrections officers, including Danner, can be found liable for such medical care being inadequate, they have failed to demonstrate that Danner, as a non-medical prison staff member, contributed in any manner to these alleged inadequacies, let alone knew of any such inadequacies.

It is well established that, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ . . . ] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 238 (3d Cir. 2004). *See also Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015) ("non-medical prison officials are generally justified in relying on the expertise and care of prison medical providers"); *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993) (affirming summary judgment with respect to non-medical prison officials for plaintiff's failure to prove that such officials' failure to respond to medical complaints of a prisoner, who was already being treated by a prison doctor, constituted deliberate indifference).

As such, for non-medical prison staff like Danner, Plaintiffs must put forth evidence demonstrating that Danner knew or had reason to know that prison medical staff mistreated or failed to treat Ty'rique, as alleged. Plaintiffs cannot put forth such evidence.

As argued previously, it is undisputed that Danner did not have any encounters with Ty'rique for the first eight days of Ty'rique's pretrial detention. **ECF 211, p. 15.** On Ty'rique's ninth day, Danner's first and only encounter with Ty'rique was for the explicit purpose of preparing Ty'rique for transport to the hospital. **ECF 158, p. 12.** Given that Danner's sole interaction with Ty'rique was for the purpose of bringing him to the hospital, there is simply no evidence that Danner either knew or had reason to know that Ty'rique was being mistreated or untreated by prison medical staff. For these reasons, Danner cannot be held liable for an Eighth Amendment inadequate medical treatment claim, and the portion of Magistrate Judge Arbuckle's R&R recommending dismissal of Count II of Plaintiff's Second Amended Complaint must be adopted.

### B. Plaintiffs cannot establish an Eighth Amendment denial of medical care claim against Danner.

Plaintiffs further cannot prove an Eighth Amendment denial of medical care claim against Danner. As an initial matter, Plaintiffs did not plead a denial of medical care claim, but rather, plead an inadequate medical treatment claim. **ECF 64, p. 28.**

As such, Plaintiff cannot now assert a new claim that they failed to previously plead in any of their three Complaints. Nonetheless, looking to the facts alone, Ty'rique was not denied medical care. To the contrary, he was regularly treated by prison medical staff, and on the day of Danner's first and only encounter with Ty'rique, Danner's intention was to prepare Ty'rique for transport to the hospital. As Magistrate Judge Arbuckle correctly concluded, "[a]ttempting to take him to the hospital is not a denial of medical care." **ECF 247, p. 124.**

In their Opposition Brief to Moving Defendants' Motion for Summary Judgment, Plaintiffs manufactured a particularly novel argument for an outright denial of medical care by Danner, stating: "Defendant Danner, through excessive force, prevented Ty'rique from getting medical care." **ECF 190, p. 18.** However, through this argument, Plaintiffs sought to improperly expand the standard of deliberate indifference to include scenarios wherein an inmate needs medical care, but resists prison staff's efforts to obtain such care for him, thus requiring a use of force. While the Third Circuit has established that deliberate indifference can be found "where necessary medical treatment is delayed for non-medical reasons", there has been no such analysis as to the applicability of this rule where the "non-medical reasons" arise from the prisoner's own resistance.[2] *See Monmouth Cnty.*

---

[2] As argued in Moving Defendants' Brief in Support of their Objections to the Report and Recommendation, it is undisputed that the use of force incident involving

*Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987) (*citing Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985) (allegation that emergency medical care to pregnant inmate was delayed for the non-medical purpose of making the inmate suffer states a claim of deliberate indifference)).

However, even if the Court, first, allows Plaintiffs assert the new claim for denial of medical care, and, second, determines that Danner, through excessive force, prevented Ty'rique from getting medical care, qualified immunity shields Danner. Simply, Danner and non-medical prison staff were not on notice that an Eighth Amendment medical care violation occurs when an inmate needs medical care, but resists prison staff's efforts to obtain such care for him, thus requiring a use of force, because such is not clearly established. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) (citation omitted) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal").

Accordingly, Danner cannot be held liable for an Eighth Amendment denial of medical care claim, and the portion of Magistrate Judge Arbuckle's R&R recommending dismissal of Count II of Plaintiff's Second Amended Complaint must be adopted.

---

Danner began with Plaintiff's resistance to Danner inside the cell, wherein Plaintiff grabbed Danner's arm and wrist. **ECF 252, pp. 3-6.**

### C.    Plaintiffs failed to establish proof of a conspiracy.

While Magistrate Judge Arbuckle did not reach the issue of conspiracy due to his determination that Plaintiffs failed to prove an underlying constitutional violation, Moving Defendants maintain that Plaintiffs not only failed to prove an underlying constitutional violation, but also failed to prove that Danner engaged in any such conspiracy.

As argued in Moving Defendants' Brief in Support of their Motion for Summary Judgment and Reply Brief in Further Support, Plaintiffs have not and cannot establish that Danner entered in a prior understanding or agreement to deny Ty'rique medical care. To the contrary, Danner's sole interaction with Ty'rique was for the purpose of obtaining him medical care, and Ty'rique's resistance to this care and the ensuing events thereafter do nothing to demonstrate that any conspiracy existed between Danner and the other officers. *See Jutrowski v. Township of Riverdale*, 904 F.3d 280, 295-296 (3d Cir. 2018) (Jutrowski's assertion of a "common plan" among the officers, based on (1) an alleged "reloc[ation] [of] the ambulances so that EMT personnel would not be able to witness the[ ] attack," and (2) the officers "simultaneously grabbing" him to take him down, is not supported by any specific facts in the record, and to survive summary judgment "[b]are assertions, conclusory allegations, or suspicions" will not suffice). As such, regardless of whether Plaintiffs successfully demonstrated an underlying

constitutional violation, they have failed to prove that Danner engaged in a conspiracy, and the portion of Magistrate Judge Arbuckle's R&R recommending dismissal of Count II of Plaintiff's Second Amended Complaint must be adopted.

## IV.    CONCLUSION

Based upon the foregoing, Moving Defendants respectfully request that Plaintiffs' Objections to the portion of Magistrate Judge Arbuckle's Report and Recommendation recommending dismissal of Count II of Plaintiff's Complaint be denied, and that this portion of the report be adopted.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: _____

Donald L. Carmelite, Esquire
PA I.D. No. 84730
Coryn D. Hubbert, Esquire
PA I.D. No. 334121
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011

Dated: March 18, 2025

Telephone: (717) 651-3504; (717) 651-3703
Facsimile: (717) 651-3707
Attorney for Defendants, Matthew Danner
and Angela Swanson

## CERTIFICATE OF SERVICE

I, Michele E. Neff, an employee of Marshall Dennehey, P.C., do hereby certify that on this 18th day of March, 2025, I served a copy of the foregoing document to all counsel of record, via the Court's electronic filing system, which service satisfies the requirements of the Federal Rules of Civil Procedure

_____

Michele E. Neff, Admin. Asst. to
Donald L. Carmelite, Esquire