## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RILEY, ADMINISTRATOR OF THE ESTATE FOR TY'RIQUE RILEY and CARMEN RILEY AND THOMAS MATTHEWS KEMRER, Individually, as parents and natural guardians of decedent Ty'rique Riley and as his sole survivors, Plaintiffs | : : : : : : : : | NO.: 4:20-CV-00325-MWB-WIA  CIVIL ACTION – LAW  Judge Matthew W. Brann Mag. Judge William I. Arbuckle |
| v. | : : | *Electronically Filed* |
| BRIAN CLARK, Warden; et al., Defendants | : : | JURY TRIAL DEMANDED |

## PRIMECARE MEDICAL, INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF NO. 274)

### I.    HISTORY OF THE CASE

On January 22, 2024, PrimeCare Medical, Inc. ("PrimeCare") filed a Motion for Summary Judgment (ECF No. 160) with a Statement of Undisputed Facts (ECF No. 161), and supporting Brief (ECF No. 162).  PrimeCare argued that Plaintiffs did not produce sufficient expert evidence to demonstrate causation as to PrimeCare.  On February 18, 2025, Magistrate Judge Arbuckle issued a Report and Recommendation (ECF No. 247) that, inter alia, PrimeCare's Motion for Summary Judgment be denied.  On March 4, 2025, PrimeCare filed objections to the Report and Recommendation (ECF No. 251).   On March 31, 2025, this Court issued an Order rejecting the Magistrate Judge's Recommendation that PrimeCare's Motion for Summary Judgment be denied and thus granting in full PrimeCare's Motion for Summary Judgment. (ECF No. 273).  On April 14,

2025, Plaintiffs filed a Motion for Reconsideration of the Court's March 31, 2025 Order. (ECF Nos. 274 and 275).  This Brief is filed in opposition to Plaintiffs' Motion.

II.    **ISSUE**

SHOULD THIS HONORABLE COURT DENY PLAINTIFFS' MOTION FOR RECONSIDERATION WHERE THERE IS NO NEED TO CORRECT CLEAR ERROR OF LAW OR PREVENT MANIFEST INJUSTICE?

*Suggested Answer*:  YES

III.    **ARGUMENT**

Federal Rule of Civil Procedure 59(e) allows for a motion to alter or amend judgment.  "A proper Rule 59(e) motion must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Javitz v. Luzerne Cnty.*, 616 F. Supp. 3d 394, 404 (M.D. Pa. 2022).  A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the district court and used to allege legal error.  *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).  However, "motions for reconsideration should not be used to put forward arguments which the movant…could have made but neglected to make before judgment.  *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003).  Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should only be granted sparingly.  *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**A.    THE COURT DID NOT COMMIT A CLEAR ERROR OF LAW NOR IS GRANTING PRIMECARE'S MOTION FOR SUMMARY JUDGMENT A MANIFEST INJUSTICE.**

This Court's Opinion refusing to adopt the Magistrate Judge's Report and Recommendation and granting PrimeCare's Motion for Summary Judgment provided a thorough analysis of the factual record, the parties' arguments, and the applicable law concerning causation.  Notwithstanding the comprehensive Opinion issued by the Court, Plaintiffs have filed a Motion for Reconsideration asserting this Court misapprehended the scope of the claims against PrimeCare.  (ECF No. 275, p. 2).  Specifically, Plaintiffs claim that this Court "overlook[ed] the separate non-fatal injuries what were directly caused by PrimeCare's negligence."  (ECF No. 275, p. 2).  Plaintiffs claim "[t]his misapprehension constitutes a clear error of law and fact, that, if left uncorrected, will result in manifest injustice."  (ECF No. 275, p. 2). Plaintiffs' argument is without merit.

**1.    This Court did not misapprehend Plaintiffs' scope of damages.**

Plaintiffs claim that this Court overlooked their alleged claim for "non-fatal" injuries.  The Court did not misapprehend Plaintiffs' scope of damages, because Plaintiffs have not previously made such an argument.  Plaintiffs' assertion was that "Dr. Patterson is entirely qualified to render an opinion on whether deficiencies in mental health treatment contributed to Mr. Riley's decline and death."  (ECF No. 262, p. 2).  This argument was apparently premised upon Dr. Patterson's report which stated PrimeCare's failures "significantly contributed to and more likely than not were the causes in bringing about the

harm, i.e. the severe mental decline and eventual death of Tyrique Riley on July 1, 2019."
(ECF No. 272, p. 85, quoting R&R, Doc. 247, p. 73).

Plaintiffs did not argue separate and distinct injuries in opposing PrimeCare's Motion for Summary Judgment.  To the contrary, Plaintiffs have continually taken the position that the alleged mental decline due to inadequate mental health treatment resulted in an altercation where correctional officers who used excessive force caused Mr. Riley's fatal injuries.  Plaintiffs are thus making an argument in the Motion for Reconsideration which was not argued previously. "[M]otions for reconsideration should not used to put forward arguments which the movant… could have made but neglected to make before judgment. *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003).  Since Plaintiff did not make an argument about "non-fatal" injuries previously, their Motion for Reconsideration should be denied.

Additionally, this Court considered the scope of Dr. Patterson's report and the purported mental health decline of Mr. Riley which Plaintiffs now claim is a separate claim for damages.  (ECF No. 272, pp. 91-95).  This Court found that "no expert report opines on the type of mental health conditions Riley was experiencing and how they foreseeably led to this sort of behavioral deterioration." (ECF No. 272, p. 92).  The bottom line is that this Court considered Plaintiffs' theory of causation which had been brought forth, and found Plaintiffs did not provide sufficient evidence from a qualified expert to overcome PrimeCare's Motion for Summary Judgment.  This Court has not misapprehended

Plaintiffs' theory of causation or damages. Therefore it is respectfully requested that this Honorable Court deny Plaintiff's Motion for Reconsideration.

### 2. This court has not committed a clear error of law.

Plaintiffs cite this Court to *Ponzini v. Monroe Cnty.*, 789 Fed. Appx. 313, 315 (3d Cir. 2019) for the proposition that this Court's entry of summary judgment in favor of PrimeCare "directly conflicts with binding Third Circuit precedent." (ECF No. 275, p. 3). This argument by Plaintiffs is flat out wrong on multiple levels.

First, *Ponzini* was not a reported decision of the Third Circuit. Since the opinion was not reported, it cannot be "binding Third Circuit precedent." At best, *Ponzini* can be considered persuasive authority.

However, *Ponzini* should not be considered persuasive authority, because it has no comparison to the present case before this Court. Specifically, *Ponzini* involved a suicide case where **causation was not at issue**. There was no discussion by the Third Circuit about "non-fatal" damages prior to death. At most, the Third Circuit found that on the record in *Ponzini* there were sufficient facts to warrant the imposition of punitive damages. Nothing more and nothing less. This Court decided PrimeCare's Motion for Summary Judgment based upon Plaintiffs' failure to produce expert evidence of causation. As such, not only is *Ponzini* not precedential, it is not persuasive to support Plaintiffs' Motion for Reconsideration.

Plaintiffs reliance upon *Dubose v. Quinlan*, 125 A.3d 1231 (Pa. Super. 2015) and *Embry v. Borough of West Mifflin*, 390 A.2d 765 (Pa. Super. 1978) are equally misplaced

because neither of these cases involved disputed causation as to the cause of death. In *Dubose* the Plaintiff was permitted to recover for pain and suffering damages for "festering bedsores which ultimately led to [the decedent's] demise." *Dubose* at 1244. Thus, the compensable injury is what caused the decedent's death. This Court properly found that Dr. Patterson made no such connection between the alleged mental decline of Mr. Riley and Mr. Riley's death.

The same can be said for the *Embry* case. There the case involved apportionment between joint tortfeasors which is not at issue in the present case. Moreover, there was apparently no dispute as to the cause of death. As such, *Embry* does not control the decision in the present case before this Court.

Finally, this Court appropriately analyzed the "less than normal threshold of proof" theory of causation. (ECF No. 272, pp. 88-90). This Court found that Dr. Patterson opined upon multiple breaches of the standard of care; however, what all of the breaches had in common was that they had nothing to do with excessive force. (ECF No. 272, p. 90). This Court further found:

> The Court can appreciate the cause-in-fact argument that, absent PrimeCare physicians' breaches, the confrontation causing Ty'rique Riley's death *may* never have occurred. Regardless, of whether that argument passes muster at summary judgment, however, Plaintiffs' proximate cause argument certainly does not. Even if it were foreseeable that some kind of force would be deployed against Riley in the absence of additional treatment, it is not foreseeable that the force would be tortiously excessive, much less so excessive as to result in Riley's death. Physicians working in Dauphin County Prison - at least on this record - would not foresee that the prison guards would engage in tortious acts when faced with behavioral deterioration, so the behavior of these independent actors is a

superseding cause severing the chain of causation between their breaches and Riley's death.

(ECF No. 272, p. 94).

Thus, this Court analyzed the "less than normal threshold of proof" within the factual record of this case and determined Plaintiffs did not meet their burden of causation. Plaintiffs disagree with the Court's finding, but this disagreement does not support this Court issuing an order reconsidering it decision to enter summary judgment in favor of PrimeCare.

It is submitted that Plaintiffs are making arguments in their Motion for Reconsideration which were not made previously. It is further submitted that this Court did not commit a clear error of law in granting summary judgment in favor of PrimeCare. Finally, it certainly was not a manifest injustice for this Court to enter summary judgment in favor of PrimeCare. Therefore, PrimeCare respectfully requests that this Honorable Court deny Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: _____

JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Telephone (717) 651-3709
jrninosky@mdwcg.com

Date:    April 28, 2025          *Attorney for Defendant PrimeCare Medical, Inc.*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of April, 2025, the foregoing *Brief in Opposition to Motion for Reconsideration* was electronically filed with the Clerk of Court using the CM/ECF No. system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Kevin V. Mincey, Esquire
Riley H. Ross, III, Esquire
Mincey Fitzpatrick Ross, LLC
12th Floor, East Tower
1500 Market Street
Philadelphia, Pa 19102
kevin@minceyfitzross.com
riley@minceyfitzross.com
*Attorneys for Plaintiff*

Frank J. Lavery, Jr., Esquire
Rebecca A. McCullough, Esquire
Andrew W. Norfleet, Esquire
Lavery Law
225 Market Street ~ P.O. Box 1245
Harrisburg, PA  17108
flavery@laverylaw.com
rmccullough@laverylaw.com
norfleet@laverylaw.com
*Attorneys for County Defendants*

David J. MacMain, Esquire
Matthew S. Polaha, Esquire
MacMain Leinhauser, P.C.
433 W. Market Street, Suite 200
West Chester, PA  19382
dmacmain@macmainlaw.com
mpolaha@macmainlaw.com
*Attorneys for Susquehanna
Township Police Defendants*

Donald L. Carmelite, Esquire
Coryn D. Hubbert, Esquire
Marshall Dennehey, P.C.
200 Corporate Center Dr., Suite 300
Camp Hill, PA  17011
dlcarmelite@mdwcg.com
cdhubbert@mdwcg.com
*Attorneys for Angela Swanson and
Matthew Danner*

MARSHALL DENNEHEY, P.C.

By:
    John R. Ninosky