IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RILEY, *et. al.*, Plaintiffs | : : : | CIVIL ACTION NO. 4:20-cv-00325 |
| | : | Honorable Matthew W. Brann |
| v. | : : | |
| ANDREW KLAHR, *et al.* Defendants | : : : | *Electronically Filed* |
| | : | JURY TRIAL DEMANDED |

## **<u>DEFENDANTS' JOINT MOTION TO SEVER CLAIMS</u>**

AND NOW, COME Defendants, Mathew Danner and Robert Ingersoll, by and through their counsel Marshall Dennehey, P.C. Donald L. Carmelite, Esquire, and Coryn D. Hubbert, Esquire, and Cameron Weaver, Greg Mendenhall, Scott Grieb, Delta Bauer, Scott Lewis, Andrew Klahr, Keith Biter, Steve Singleton, and Keith Hoffman, by and through their counsel Lavery Law and Frank J. Lavery, Esquire, and respectfully submit this Joint Motion to Sever Claims, and aver as follows:

1. This action presents the unique circumstance wherein Plaintiffs' remaining claims against the Officer Defendants arise from two distinct use of force incidents involving different occurrence dates, Defendants, locations, and alleged injuries.

1

2. Plaintiffs initiated this matter on August 20, 2019 in the Dauphin County Court of Common Pleas, alleging claims related to the arrest, pretrial detention, and death of their son, Ty'rique Riley ("Ty'rique"). **ECF 1-1.**

3. The case was removed to federal court, and Plaintiffs filed an Amended Complaint on May 8, 2020. **ECF 1, 16.**

4. On April 9, 2021, Plaintiffs filed a Second Amended Complaint, the operative pleading, asserting fourteen claims against 34 defendants and numerous John Does. **ECF 64.**

5. In January of 2024, the parties stipulated to the dismissal of seven Defendants. **ECF 168, 172.**

6. All remaining Defendants subsequently moved for summary judgment. **ECF 157, 160, 164, 173.**

7. On March 31, 2025, this Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' Motions for Summary Judgment. **ECF 272, 273.**

8. Following this Order, and this Court's Order partially granting Plaintiffs' Motion for Reconsideration (**ECF 286-287**), the remaining claims in this matter are:

- Count V: § 1983 Excessive Force against Defendants Ingersoll, Weaver, Mendenhall, and Lewis;

- Count VI: § 1983 Failure to Intervene against Defendants Weaver, Mendenhall, Grieb, Bauer, Klahr, Biter, Singleton, Hoffman, and Danner;

- Count IX: Medical Negligence against PrimeCare Medical, Inc.;

- Count XI: Assault against Defendants Ingersoll, Weaver, Mendenhall, and Lewis;

- Count XII: Battery against Defendants Ingersoll, Weaver, Mendenhall, and Lewis;

- Count XIII: Wrongful Death against Defendants Klahr, Lewis, Biter, Singleton, Hoffman, and Danner (DCP Defendants only); and

- Count XIV: Survival Action against Defendants Ingersoll, Weaver, Mendenhall, Bauer, Grieb, Klahr, Lewis, Biter, Singleton, Hoffman, Danner, and PrimeCare Medical, Inc.

9. Defendants now file the within Joint Motion to Sever Claims.

10. Plaintiffs' claims arise from two separate incidents of alleged excessive force.

11. The first incident ("BC Incident") occurred on June 18, 2019 at the Dauphin County Booking Center and involved Defendants Ingersoll, Weaver, Mendenhall, Bauer, and Grieb ("BC Defendants").

12. The second incident ("DCP Incident") occurred more than a week later, on June 26, 2019, at Dauphin County Prison and involved the Defendants Lewis, Klahr, Biter, Singleton, Hoffman, and Danner ("DCP Defendants").

13. These two incidents do not share any common defendants, did not occur at the same location, occurred more than a week apart from each other, and, related to each incident, Plaintiffs assert entirely distinct injuries ranging from a speculative injury claimed for the BC Incident to death for the DCP Incident.

14. Under Fed. R. Civ. P. 21, "the court may at any time, on just terms [ . . . ] sever any claim against a party." Fed. R. Civ. P. 21.

15. Plaintiffs' claims against the BC Defendants and DCP Defendants do not share a logical relationship, and accordingly, are misjoined. *Russell v. Chesapeake Appalachia, L.L.C.*, 305 F.R.D. 78 (M.D. Pa. 2015).

16. Specifically, the BC and DCP incidents share no factual issues, involve no common defendants, entail differing legal issues, and do not arise from the same basic controversy.

17. Alternatively, severance of Plaintiffs' claims against the BC Defendants and DCP Defendants is necessary, as the claims are discrete and

separate, capable of resolution without dependence or effect on the other, and the four severance factors are met. *Henderson v. Mahally*, 639 F. Supp. 3d 481 (M.D. Pa. 2022).

18. Specifically, the issues underlying the BC and DCP Incidents are significantly different.

19. The BC and DCP Incidents require little to no overlapping relevant evidence or testimony, and as such, Plaintiffs would not have to present the same evidence twice in separate trials. *In re Bayside Prison Litig.*, 157 F. App'x 545, 547 (3d Cir. 2005).

20. Plaintiffs will suffer no prejudice if severance is granted, as severance at this stage would not result in an undue delay in resolution or duplicative trial preparation efforts. *Grigsby v. Kane*, 250 F. Supp. 2d 453 (M.D. Pa. 2003).

21. Defendants will suffer significant prejudice should the request for severance be denied, as evidence of the BC Incident severely prejudices the DCP Defendants, and evidence of the DCP Incident severely prejudices the BC Defendants. *Carter v. Hewitt*, 617 F.2d 961 (3d Cir. 1980).

WHEREFORE, Defendants respectfully request that their Joint Motion be granted, and this court sever Plaintiffs' claims against Defendants Ingersoll, Weaver, Mendenhall, Bauer, and Grieb from Plaintiffs' claims against Defendants Lewis, Klahr, Biter, Singleton, Hoffman, and Danner.

|  | Respectfully submitted, |
|---|---|
|  | **MARSHALL DENNEHEY, P.C.** |
| BY: | _[signature]_ |
|  | Donald L. Carmelite, Esquire |
|  | PA I.D. No. 84730 |
|  | Coryn D. Hubbert, Esquire |
|  | PA I.D. No. 334121 |
|  | 200 Corporate Center Drive, Suite 300 |
|  | Camp Hill, PA 17011 |
| Dated: August 13, 2025 | Telephone: (717) 651-3504; (717) 651-3703 |
|  | Facsimile: (717) 651-3707 |
|  | Email: dlcarmelite@mdwcg.com; |
|  | cdhubbert@mdwcg.com |
|  | Attorneys for Defendants, Matthew Danner and Robert Ingersoll |

|  | **LAVERY LAW** |
|---|---|
| BY: | /s/ *Frank J. Lavery, Jr.* |
|  | Frank J. Lavery, Jr., Esquire |
|  | PA I.D. No. 42370 |
|  | Andrew Norfleet, Esquire |
|  | PA I.D. No. 83894 |
|  | 225 Market Street, Suite 304 |
|  | Harrisburg, PA 17108 |
| Dated: August 13, 2025 | Telephone: (717) 233-6633 |
|  | Facsimile: (717) 651-3707 |
|  | Email: flavery@laverylaw.com; |
|  | anorfleet@laverylaw.com |
|  | Attorneys for Defendants Cameron Weaver, Greg Mendenhall, Scott Grieb, Delta Bauer, Scott Lewis, Andrew Klahr, Keith Biter, Steve Singleton, and Keith Hoffman |

**CERTIFICATE OF SERVICE**

    I certify that on this date, I served a true and correct copy of the foregoing document on all counsel of record via the Court's Electronic Filing System.

                                                           _/s/ Michele E. Neff_
                                                           Michele E. Neff, Admin. Asst. to
                                                           Donald L. Carmelite, Esquire
                                                           Coryn D. Hubbert, Esquire

Dated:  August 13, 2025