## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RILEY, ADMINISTRATOR | : | NO.: 4:20-CV-00325-MWB-WIA |
| OF THE ESTATE FOR TY'RIQUE | : | |
| RILEY and CARMEN RILEY AND | : | CIVIL ACTION – LAW |
| THOMAS MATTHEWS KEMRER, | : | |
| Individually, as parents and natural | : | JUDGE MATTHEW W. BRANN |
| guardians of decedent Ty'rique Riley and | : | M.J. WILLIAM I. ARBUCKLE |
| as his sole survivors, | : | |
| Plaintiffs | : | |
| | : | *Electronically Filed* |
| v. | : | |
| | : | |
| BRIAN CLARK, Warden; et al., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## BRIEF OF PRIMECARE MEDICAL, INC. IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE SEVER (ECF NO. 288)

## I.    PERTINENT HISTORY OF THE CASE

Plaintiffs initiated this civil action on August 20, 2019 in the Dauphin County Court of Common Pleas alleging claims related to the death of their son, Ty'rique Riley ("Ty'rique"), a pretrial detainee in Dauphin County Prison. (ECF No. 1). The case was removed to federal court, and Plaintiffs filed an Amended Complaint on May 8, 2020. (ECF No. 16). On April 9, 2021, Plaintiffs filed a Second Amended Complaint. (ECF No. 64). Plaintiffs' claim against PrimeCare was premised upon purported professional negligence in failing to provide adequate mental health treatment to Mr. Riley, and the derivative wrongful death and survival claims. *See*

ECF No. 64, Count IX, Count XIII, and Count XIV. There were multiple federal claims asserted against Dauphin County and multiple corrections officers generally arising from the alleged excessive use of force.

On January 22, 2024, PrimeCare filed a Motion for Summary Judgment. (ECF No. 160). It was PrimeCare's position that Plaintiff's liability expert, Marcus R. Patterson, PsyD, provided insufficient causation evidence in his report. On February 18, 2025, Magistrate Judge Arbuckle issued a Report and Recommendation that the PrimeCare Motion for Summary Judgment be denied. (ECF No. 247). PrimeCare filed Objections (ECF No. 249) to the Report and Recommendation. This Court rejected the Report and Recommendation and granted PrimeCare's Motion for Summary Judgment. (ECF No. 272).

Plaintiffs filed a Motion for Reconsideration of this Court's Opinion and Order entering summary judgment in favor of PrimeCare. (ECF No. 274). This Court partially granted Plaintiffs' Motion on July 18, 2025. (ECF No. 287). Specifically, Plaintiffs are permitted to pursue a Survival Act claim for injuries allegedly suffered by Ty'rique which were unrelated to the use of force by prison guards, including Ty'rique's death. (ECF No. 287). This Court reasoned, "As this Court previously explained, the Patterson report failed to provide any expert evidence at all tying Riley's death to PrimeCare's medical negligence. Any injury

caused by the tortuously excessive force deployed by prison guards was not proximately caused by preceding medical negligence, even if that medical negligence was a but-for cause of the mental deterioration which in turn caused the physical confrontation." ECF No. 286, at p. 9 of 16. This Court further reasoned, "I grant summary judgment on the wrongful death action, because, as the Court previously held, the alleged medical negligence here could not have resulted in Riley's death as a matter of law." ECF No. 286, at p. 9 of 16.

The Dauphin County Defendants also filed motions for summary judgment. *See* ECF No. 157, ECF No. 160, ECF No. 164, and ECF No. 173. This Court issued its' Opinion (ECF No. 272), and Order (ECF No. 273) granting in part, and denying in part the Dauphin County Defendants' respective motions. The remaining claims as to the Dauphin County Defendants arise from alleged excessive force by corrections officers at both the Dauphin County Booking Center as well as the Dauphin County Prison. This Court has ruled that any alleged excessive use of force is not related to alleged medical negligence of PrimeCare.

The Dauphin County Defendants filed their own Joint Motion to Sever claims on August 13, 2025. *See* ECF No. 290 and ECF No. 291. Thus, after the Court's various rulings on the Defendants' Motions for Summary Judgment there appear to be at least two and potentially three distinct claims being pursued by Plaintiffs'

3

against multiple parties.  Those claims being a state law medical malpractice claim against PrimeCare, an abuse of force claim against corrections officers for incidents in the Dauphin County Judicial Center, and the third being abuse of force by corrections officers at the Dauphin County Prison.

## II.  ISSUES

A. SHOULD THIS HONORABLE COURT DISMISS PLAINTIFFS' CAUSE OF ACTION AGAINST PRIMECARE WITHOUT PREJUDICE WHERE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION?

B. SHOULD THIS HONORABLE COURT SEVER PLAINTIFF'S CLAIMS AGAINST PRIMECARE FROM THE CLAIMS ASSERTED AGAINST THE DAUPHIN COUNTY DEFENDANTS WHERE THE CLAIM ASSERTED AGAINST PRIMECARE IS SEPARATE AND DISTINCT FROM THE CLAIMS ASSERTED AGAINST THE DAUPHIN COUNTY DEFENDANTS?

*Suggested Answer as to both*:  YES

## III.  ARGUMENT

It is submitted that the claims against PrimeCare are premised upon state law professional negligence, and are separate and distinct from the claims being pursued against the remaining Dauphin County Defendants.  Plaintiffs' claims against PrimeCare arise only from PrimeCare's mental health treatment for Mr. Riley during his pre-trial detention in the Dauphin County Prison.  No alleged excessive force

occurred in connection with this treatment, nor have Plaintiffs alleged that PrimeCare violated Mr. Riley's constitutional rights.

In contrast, Plaintiffs' claims against the Dauphin County Defendants arise from two use of force incidents which both of them solely involved prison staff. No PrimeCare employee was present for either incident. Further, both incidents occurred at the beginning and the end of Mr. Riley's booking and detention. PrimeCare's mental health treatment of Mr. Riley had no place or relevance to either of these times.

The sole relationship between Plaintiffs' claims against all Defendants is that all such events occurred while Mr. Riley was in custody. The similarities stop there, and this alone is insufficient to pursue all claims in a single action. *Carr v. Borden*, 2024 WL 4291081 *2 (M.D.Pa., September 25, 2024). Thus, for the reasons that will follow, it is submitted that Plaintiffs claim against PrimeCare should be dismissed without prejudice for lack of subject matter jurisdiction, or alternatively that the claim being asserted against PrimeCare be severed from Plaintiffs' claims against the Dauphin County Defendants going forward.

**A.    Plaintiffs' claim against PrimeCare should be dismissed without prejudice for a lack of subject matter jurisdiction.**

Section 1367 of Title 28 provides "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, despite this grant of supplemental jurisdiction, the District Courts "may decline to exercise supplemental jurisdiction over a claim" if any of the following factors are met:

(a)    the claim raises a novel or complex issue of State law,

(b)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(c)    the district court has dismissed all claims over which it has original jurisdiction, or

(d)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.*, § 1367(c)

PrimeCare submits that (c) and (d) are applicable here.

The Third Circuit has found, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000), quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).  "Time already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of

6

pendent jurisdiction," and  "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Est. of Thomas v. Fayette Cnty.*, 194 F. Supp. 3d 353, 385 (W.D. Pa. 2016), quoting *Shaffer v. Bd. Of Sch. Dir. Of Albert Gallatin Area S.D.*, 730 F.2d 910, 912-13 (3d Cir. 1984).

District courts have specifically recognized that professional negligence claims are more appropriately heard in state court.  In *Gallo v. Washington County*, No. 08-cv-504, 2009 WL 27450 (W.D. Pa. Feb. 4, 2009), the Court noted "[t]he remaining claims are brought by a Pennsylvania resident and relate to alleged professional negligence of Pennsylvania doctors and medical personnel. The state court generally handles such cases and has substantial expertise in such cases." *Id.* at *10.  The Court went on to hold, "[t]here being no 'exceptional' reason why the Court should retain this case involving only a state claim, the Court will dismiss the professional negligence count without prejudice for said claim to be re-filed in state court." *Id.* (internal citation and quotations omitted).

It is submitted that this precedent weighs in favor of this Court exercising its discretion to dismiss Plaintiffs' claim against PrimeCare so that Plaintiffs can pursue the claim in the Court of Common Pleas of Dauphin County.  Specifically, it cannot be disputed that there is no federal claim being pursued against PrimeCare.  The

issue at trial will be whether Plaintiffs can demonstrate a deviation of the applicable standard of correctional medical care according to Pennsylvania law, and whether any proven deviation caused non-fatal harm to Mr. Riley. The only damages which Plaintiffs can recover are pursuant to the Pennsylvania Survival Statute 42 Pa.C.S.A. §8302. Additionally, at this point, there is no connection (in evidence or the law) between the professional negligence claim and the federal claims being pursued against the Dauphin County Defendants.

It is anticipated that Plaintiffs will argue that this Court should retain jurisdiction, because the case has been litigated for years in this Court, and Plaintiffs do not want to delay a potential trial. However, as stated above, time already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of pendent jurisdiction. Moreover, we also do not have a trial date in this Court so there is no way to determine if a trial could happen any faster in the Court of Common Pleas of Dauphin County where the pleadings are closed, and discovery is virtually concluded versus if this case remains in this Court.

Therefore, PrimeCare respectfully requests that this Honorable decline to exercise pendant jurisdiction over Plaintiff's claim against PrimeCare, and that the claim against PrimeCare be dismissed without prejudice.

**B.    Alternatively, Plaintiffs' claim against PrimeCare should be severed from Plaintiff's claims against the Dauphin County Defendants.**

If this Court exercises its discretion to retain jurisdiction as to Plaintiffs' claim against PrimeCare, it is submitted that the claim asserted against PrimeCare should be severed for all purposes going forward from the claims asserted against the Dauphin County Defendants.

Fed. R. Civ. P. 21 permits severance of claims. The Rule states, in pertinent part, that on motion or *sua sponte* "the court may at any time, on just terms… sever any claim against a party." A district court possesses "virtually unfettered discretion in determining whether or not severance is appropriate." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003). "Severance is appropriate when the claims are 'discrete and separate,' each capable of resolution without prejudice or effect on the other." *Henderson v. Mahally*, 639 F. Supp. 3d 481, 486 (M.D. Pa. 2022) *citation omitted*.

In exercising its discretion, the Court may consider the following factors: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will

9

be prejudiced if it is not granted. *Edmonds v. Southeastern Transp. Auth.*, 2023 WL 3513307 (E.D. Pa. May 16, 2023) \*4, *citing Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (*quoting German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 2d 1385, 1400 (S.D. N.Y. 1995)).

It is submitted that when applying the above considerations to the present case, this Court is well within its discretion to sever the claim asserted against PrimeCare from the claims asserted against the remaining Dauphin County Defendants.

        1.    <u>The professional negligence cause of action asserted against PrimeCare is significantly different from the claims asserted against the Dauphin County Defendants which are premised upon alleged excessive use of force, and there are no interrelated damages</u>.

The claim asserted against PrimeCare is a state law professional negligence case. The theories of liability against the Dauphin County Defendants all arise from the alleged excessive use of force under the federal statute 42 U.S.C. § 1983, and Plaintiffs' claim that excessive force caused the death of Mr. Riley. This Court has already stated, "Any injury caused by the tortuously excessive force deployed by prison guards was not proximately caused by preceding medical negligence, even if that medical negligence was a but-for cause of the mental deterioration which in turn caused the physical confrontation." ECF No. 286, at p. 9 of 16. This Court further

stated, "the alleged medical negligence here could not have resulted in Riley's death as a mater of law." ECF No. 286, p. 9 of 16. Thus, the legal theories, the legal standards, and the potentially recoverable damages are all significantly different between PrimeCare and the Dauphin County Defendants.

        2.    <u>The witnesses and documentary proof are different between the claim asserted against PrimeCare and claims asserted against the remaining Dauphin County Defendants.</u>

The witnesses and documentary evidence will be different in a trial between Plaintiffs and PrimeCare as opposed to the witnesses and documentary evidence in a trial between Plaintiffs and the Dauphin County Defendants. Specifically, the PrimeCare witnesses will be the medical and mental health care providers who provided treatment to Mr. Riley. These individuals had no involvement in the alleged excessive use of force by the Dauphin County Defendants. No PrimeCare employees were even present during either instance of alleged excessive force. The expert witnesses for the claims are different, and their anticipated testimony does not even remotely overlap with regard to Plaintiffs' claim against PrimeCare and the claims being pursued against the Dauphin County Defendants. Generally, the documents will be different since the primary documents involving the claim against PrimeCare would be Mr. Riley's medical chart, and not documents created by corrections staff at Dauphin County Prison.

3.    <u>Plaintiffs would not be prejudiced if this Court sever their claim against PrimeCare from the claims against the remaining Dauphin County Defendants.</u>

Plaintiffs will not be prejudiced by this Court severing the claim asserted against PrimeCare from the claims asserted against the Dauphin County Defendants. This is because Plaintiff's liability case and damages case against PrimeCare have no connection, in any sort, with their liability case and potential damages against the Dauphin County Defendants. Thus, the cases being tried separately does not place Plaintiffs in any worse of a position to attempt to prove their case against PrimeCare. To the contrary, severance of the claims permits Plaintiffs to present their claims more clearly, succinctly, and with less jury confusion than if the claim asserted against PrimeCare is mixed with excessive force and wrongful death damages.

There is also no indication that severing the claims would delay Plaintiffs ability to obtain a trial date against PrimeCare. From a practical perspective, it may may make sense to schedule the cases back to back on this Court's trial calendar to simplify logistics and to insure trials occurring at substantially the same time.

4.    <u>PrimeCare would be prejudiced if the claims are not severed.</u>

PrimeCare would be prejudiced if this Court does not sever the claims between it and the Dauphin County Defendants. The prejudice arises from the same

jury having to determine liability against multiple parties using different legal standards, different evidence, and no commonality of damages.

Additionally, Plaintiffs' theory as to the Dauphin County Defendants was that there was an excessive use of force on multiple occasions, and one instance led to the death of Ty'rique. Such a theory has the potential to inflame the passions of the jurors against all the Defendants irrespective of the theory of liability or types of recoverable damages. Evidence of wrongful death further predominate issues at trial as Plaintiffs will have two experts who will testify concerning the use of force and the cause of Mr. Riley's death which this Court has found as a matter of law, are not related to Plaintiffs' claim against PrimeCare. Such a scenario unduly prejudices PrimeCare.

This prejudice can only be eliminated by severing PrimeCare from the claims asserted against the Dauphin County Defendants. It is submitted that there will not be a curative instruction capable of eliminating the prejudice or potential jury confusion which will arise if all claims against all Defendants go to the same jury in the same trial.

Therefore, it is submitted that the above factors weigh in favor of severing Plaintiffs' claim against PrimeCare from Plaintiffs' claims against the Dauphin County Defendants. As such, PrimeCare respectfully requests that this Honorable

13

Court grant its Motion, and that an Order be issued severing Plaintiffs' claim against PrimeCare from Plaintiffs' claims against the Dauphin County Defendants for all purposes going forward.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: _____

JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
200 Corporate Center Drive, Suite 300
Camp Hill, PA  17011
Telephone (717) 651-3709
Facsimile (717) 651-3707
jrninosky@mdwcg.com
*Attorney for Defendant PrimeCare Medical, Inc.*

Date:   August 20, 2025

14

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of August, 2025, the foregoing *Brief* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Kevin V. Mincey, Esquire
Riley H. Ross, III, Esquire
Zainab K. Shields, Esquire
Jennifer A. Nearn, Esquire
Mincey Fitzpatrick Ross, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
kevin@minceyfitzross.com
riley@minceyfitzross.com
zainab@minceyfitzross.com
jennnearn@minceyfitzross.com
*Attorneys for Plaintiff*

Frank J. Lavery, Jr., Esquire
Jennifer L. Ruth, Esquire
Lavery Law
225 Market Street ~ P.O. Box 1245
Harrisburg, PA 17108
flavery@laverylaw.com
jruth@laverylaw.com
*Attorneys for County Defendants*

David J. MacMain, Esquire
Matthew S. Polaha, Esquire
MacMain Leinhauser, P.C.
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
mpolaha@macmainlaw.com
*Attorneys for Susquehanna Township Police Defendants*

Donald L. Carmelite, Esquire
Coryn D. Hubbert, Esquire
Marshall Dennehey, P.C.
200 Corporate Center Dr., Suite 300
Camp Hill, PA 17011
dlcarmelite@mdwcg.com
cdhubbert@mdwcg.com
*Attorneys for Angela Swanson, Matthew Danner, and Robert Ingersoll*

MARSHALL DENNEHEY, P.C.

By: John R. Ninosky
  John R. Ninosky

15