IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RILEY, ADMINISTRATOR OF THE ESTATE FOR TY'RIQUE RILEY and CARMEN RILEY AND THOMAS MATTHEWS KEMRER, Individually, as parents and natural guardians of decedent Ty'rique Riley and as his sole survivors, <br> Plaintiffs <br><br> v. <br><br> ANDREW KLAHR, et al., <br> Defendants | : : : : : : : : : : : : : : : | NO.: 4:20-CV-00325-MWB-WIA <br><br> CIVIL ACTION – LAW <br><br> JUDGE MATTHEW W. BRANN <br> M.J. WILLIAM I. ARBUCKLE <br><br> *Electronically Filed* <br><br><br> JURY TRIAL DEMANDED |

**REPLY BRIEF OF PRIMECARE MEDICAL, INC. IN SUPPORT OF ITS MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO SEVER (ECF NO. 288)**

Plaintiffs have responded to PrimeCare Medical, Inc.'s Motion to Dismiss or in the alternative Motion to Sever. It is submitted that Plaintiffs' opposition does not change that their remaining claims are a state law medical malpractice claim against PrimeCare, an abuse of force claim against correctional officers for incidents in the Dauphin County Judicial Center, and the third being abuse of force by correctional officers at the Dauphin County Prison. It is submitted that for the reasons asserted in PrimeCare's opening Brief as well as this Brief, this Court is well within its discretion to either dismiss Plaintiffs' claim against PrimeCare without prejudice or sever the case against PrimeCare from the case asserted against the County Defendants.

PrimeCare will provide its Reply in a format to mirror Plaintiffs' arguments in their opposing Brief.

**MOTION TO DISMISS**

    **1.**    **PrimeCare did not mischaracterize the current state of the claims.**

At no time did PrimeCare argue that the federal claims against the County Defendants were dismissed. To the contrary, PrimeCare has argued and continues to argue that the federal claims against the County Defendants are still present, but that those claims are separate and distinct from the claims asserted against PrimeCare.

At no time did Plaintiffs ever assert a federal cause of action against PrimeCare. However, Plaintiffs continued to assert that all Defendants, irrespective of the underlying legal theory, were responsible for Mr. Riley's death. This Court has since ruled that, "Any injury caused by the tortuously excessive force deployed by prison guards was not proximately caused by preceding medical negligence, even if that medical negligence was a but-for cause of the mental deterioration which in turn caused the physical confrontation." ECF No. 286, at p. 9. This Court further found, "the alleged medical negligence here could not have resulted in Riley's death as a mater of law." ECF No. 286, p. 9. Thus, there is no federal statutory claim being asserted against PrimeCare, and there is no commonality in recoverable damages between the parties. Therefore, it is submitted that this Court is within its discretion to dismiss Plaintiffs' claim against PrimeCare without prejudice.

    **2.**    **Considerations of judicial economy, convenience, and fairness to the parties weigh in favor of dismissing this case without prejudice.**

It is not disputed that this Court is to consider judicial economy, convenience, and fairness to the parties in exercising its discretion to either dismiss this case or retain jurisdiction. However, Plaintiffs' reliance upon *Henderson v. Mahally*, 639 F. Supp. 3d

481 (M.D. Pa. 2022) and *Kline v. U.S.*, 587 F. Supp. 1386 (M.D. Pa. 1984) in urging this Court to deny PrimeCare's Motion is misplaced.

In *Henderson*, Judge Conner denied a motion to sever. The two main factors which Judge Conner found in denying the motion were that the case had a trial date which was to occur within a month of his decision, and *Henderson* involved a pro se inmate which presented logistical hurdles for him trying separate cases. Neither of those factors are present in this case. There is no trial date, and Plaintiffs are represented by experienced trial counsel.

*Kline* involved a claim against doctors who worked for the Veterans Administration and doctors who did not, but all of the doctors allegedly failed to adequately treat the plaintiff's infection. Thus, there was a commonality of treating the same condition though the medical providers were not all federal employees. Therefore, Judge Caldwell determined that severance was not warranted in that case. Again, that is not the scenario in the present case. The legal theories and the recoverable damages are different between PrimeCare and the County Defendants. Consequently, it is submitted that *Kline* is significantly factually different than the present case.

> 3. **Expending judicial resources does not weigh in favor of this Court retaining jurisdiction of Plaintiffs' claim against PrimeCare.**

This Court has certainly expended judicial resources in getting this case to its present status. However, "Time already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of pendent jurisdiction," and "decisions of state law should be avoided both as a matter of comity and to promote justice between the

parties, by procuring for them a surer-footed reading of applicable law." *Est. of Thomas v. Fayette Cnty.*, 194 F. Supp. 3d 353, 385 (W.D. Pa. 2016), quoting *Shaffer v. Bd. Of Sch. Dir. Of Albert Gallatin Area S.D.*, 730 F.2d 910, 912-13 (3d Cir. 1984). Of significance, the state court claims in *Thomas* were dismissed at the time of summary judgment and before the case was scheduled for trial which is the exact posture of the present case.

Plaintiffs cite this case to *Burnsworth v. Mutual Pharmaceutical Co., Inc.*, 364 Fed. Appx. 772 (3d Cir. 2010), but *Burnsworth* actually supports the proposition that this case should be transferred to the Court of Common Pleas. In *Burnsworth*, **after summary judgment,** the district court transferred the case to state court. The plaintiff appealed to the Third Circuit which affirmed. The Third Circuit stated,

> Since in this case the Court dismissed all of the federal claims over which it had jurisdiction **prior to trial**, we conclude that its decision to decline to exercise supplemental jurisdiction over the remaining state law claims was not an abuse of discretion.

*Burnsworth* at 776 (emphasis added). Thus, in *Thomas* and *Burnsworth*, those cases proceeded through discovery and motions for summary judgment; yet, the district court dismissed the remaining state law claims after the federal claims were dismissed without regard to expending judicial resources.

Plaintiffs also cite this Court to *SignmaPharm, Inc. v. Mutual Pharmaceutical Co., Inc.*, 772 F. Supp. 2d 660 (E.D. Pa. 2011) where the district court declined to retain jurisdiction of a case where the federal claim was dismissed at the motion to dismiss stage. The court did make reference to dismissing the case due to the matter being in an early procedural stage; however, the court also determined that dismissal did not cause prejudice

4

or unfairness to the plaintiff because the state law claims could be pursued in state court. *Id.* at 677.

It is submitted that the same logic applies to the present case. Plaintiffs are able to pursue their claim against PrimeCare in the Court of Common Pleas of Dauphin County. The case is not currently listed for trial, and the case is equally trial ready for either this Court or state court.

**4.     The claims do not arise from the same operative facts.**

The only connection between the claims asserted against the various Defendants in this case is that the alleged events occurred at the Dauphin County Prison. Plaintiffs argue that their claims arise from the same operative facts because Mr. Riley's alleged condition, treatment, and deterioration occurred throughout his incarceration. However, any alleged mental health deterioration would be related to alleged deficient mental health care. Any physical deterioration is related to the excessive use of force. Again, the legal theories and damages do not arise from the same operative facts but are separate and distinct for the various Defendants.

**5.     PrimeCare's cited authority supports dismissal at this stage of the litigation.**

Plaintiffs' assertion that the authority cited by PrimeCare fails to support dismissal of this case at this stage of the proceeding is baseless. As state above, *Thomas* was dismissed in the exact same procedural posture. Moreover, Plaintiffs, themselves, have referred this Court to *Burnsworth* which was also dismissed after the court ruled upon

motions for summary judgment. Simply stated, the timing to dismiss this case is within the timing of other cases which have been dismissed and also affirmed by the Third Circuit.

### 6. Dismissal would not cause prejudice to Plaintiffs nor would it waste judicial resources.

Plaintiffs would not be prejudiced if their case against PrimeCare was dismissed. First, the dismissal was requested without prejudice. Consequently, there is no potential statute of limitations argument to be asserted by PrimeCare where this case was timely commenced and served as to PrimeCare.

The case will not be re-litigated in state court. The pleadings are closed. Documents have been produced, depositions have been taken, and expert reports have been produced. The only discovery that needs to occur is the production of PrimeCare's expert reports. That would occur irrespective of whether the case is in state court or this Court.

There may be pre-trial motions that are filed, and the parties will need to produce proposed jury instructions. Again, that occurs in both state court and this Court. The law as to liability and damages are clearly separate for the claim asserted against PrimeCare and the claims against the County Defendants. Therefore, there is no additional burden or expense on Plaintiffs filing proposed jury instructions in this Court versus state court.

Finally, trial is not scheduled in this Court. Thus, there is no way to state with any certainty that a trial would occur any more quickly in this Court as opposed to trial in the Court of Common Pleas of Dauphin County where the case is in the same procedural posture irrespective of the courthouse the case will be tried.

Therefore, PrimeCare respectfully requests that this Honorable Court grant its Motion to Dismiss and that this Court enter an Order dismissing this case without prejudice so that Plaintiffs can pursue their claim against PrimeCare in the Court of Common Pleas of Dauphin County.

**MOTION TO SEVER**

  **1.  Legal standard.**

There does not appear to be a significant dispute as to the legal standard that this Court should employ in determining PrimeCare's Motion. However, Plaintiffs' assertion that there is factual commonality between the claim asserted against PrimeCare and the claims against the County Defendants is simply wrong. The legal theories, the legal standards, and the potentially recoverable damages are all significantly different between PrimeCare and the County Defendants.

  **2.  The factors weigh in favor of severance.**

For the reasons that were stated in PrimeCare's opening Brief as well as the reasons stated below, it is submitted this this Court is within its discretion to sever Plaintiffs' claim against PrimeCare from the claims asserted against the County Defendants.

  **a.  There is not significant factual overlap.**

There is not significant factual overlap between the claims, nor do Plaintiffs' claims have the same core operative facts. To the contrary, the factual scenarios are separate and distinct. The facts necessary to demonstrate a deviation from the applicable standard of mental health care have no similarity to the facts Plaintiffs need to demonstrate excessive use of force. The damages are also separate and distinct in that PrimeCare cannot be

responsible for any injuries allegedly related to the excessive use of force of the County Defendants. Additionally, the expert witnesses will be separate and distinct. Specifically, Plaintiffs' liability expert as to PrimeCare will provide no opinion as to the County Defendants. The sole relationship between Plaintiffs' claims against all Defendants is that all such events occurred while Mr. Riley was in custody. The similarities stop there, and this alone is insufficient to pursue all claims in a single action. *Carr v. Borden*, 2024 WL 4291081 *2 (M.D. Pa. Sept. 25, 2024).

### b. There is no significant overlap of witnesses and evidence.

There is no significant overlap of witnesses or evidence. The County Defendants are broken into two groups. The first group includes Officers Mendenhall, Ingersoll, Weaver, Grieb and Bauer. These officers were involved in the alleged excessive use of force at the Dauphin County Booking Center. The only officer deposed by Plaintiffs in this group was Greg Mendenhall. His deposition is attached hereto as **Exhibit A**. Officer Mendenhall was the officer in charge at the Dauphin County Judicial Center on June 18, 2019. **Exhibit** A, 18:18-21. Officer Mendenhall had no contact with Mr. Riley after the alleged events in the Judicial Center. **Exhibit A**, 65.1-66.1. It goes without saying that the events at the Booking Center shed no light on whether the mental health treatment provided to Mr. Riley in the Dauphin County Prison met the applicable standard of care or reveals any information about Mr. Riley's condition within the Prison.

The second group of County Defendants include Officers Danner, Hoffman, Klahr, Lewis, Biter and Singleton. These officers were allegedly involved in the use of force incident on June 26, 2019 when Mr. Riley was to be transported out of the Prison for a

medical evaluation. Only Officer Danner of that group was deposed. His deposition is attached hereto as **Exhibit B**. Officer Danner testified that his only contact with Mr. Riley was at the time of the transport on June 26, 2019. **Exhibit B**, 56:4-8. Thus, Officer Danner has no information about Mr. Riley's mental health care or Mr. Riley's condition prior to the alleged second use of force incident. There is no deposition testimony that any of the other County Defendants have any information about Mr. Riley's mental health treatment or his condition. Consequently, it is submitted that there simply is no significant overlap of witnesses or evidence for the very distinct claims remaining in this litigation.

      **c.**      **Severance would not cause prejudice to Plaintiffs.**

Plaintiffs claim that they would be prejudiced because they would have to endure increased litigation costs maintaining two separate lawsuits requiring separate discovery, motions practice, and trial preparation. This argument does not hold water.

First, there will be no additional discovery, because discovery has been concluded except for PrimeCare to produce its expert reports. This is not additional discovery or cost to Plaintiffs and would occur irrespective of venue.

Second, there will be no additional trial preparation costs although there would be two trials. This is because the claims are distinct. The amount of trial preparation time needed to present Plaintiffs' case against PrimeCare is the same whether the case against PrimeCare is tried alone or in conjunction with the federal claims.

Third, the same as to motions practice. The pre-trial motions which may be filed are also distinct and are not duplicative even if there are separate trials.

Fourth, as stated above and in PrimeCare's opening Brief, there is no significant overlap of witnesses or evidence which would require Plaintiffs to "re-litigate" the case. To the contrary, the claims and evidence are distinct. For this reason, Plaintiffs will be required to present their claim as to PrimeCare one time, to one jury, irrespective of whether this Court severs the claims or not. Moreover, Plaintiffs will be able to present their claims more clearly, succinctly, and with less jury confusion than if the claim asserted against PrimeCare is mixed with excessive force and wrongful death damages.

        **d.    The prejudice to PrimeCare is substantial if the claim asserted against it is not severed.**

To avoid redundancy, PrimeCare will simply reiterate that the prejudice it would suffer arises from the same jury having to determine liability against multiple parties using different legal standards, different evidence, and no commonality of damages. Additionally, Plaintiffs' theory as to the County Defendants was that there was an excessive use of force on multiple occasions, and one instance led to the death of Mr. Riley. The wrongful death portion of a joint trial would predominate.

Plaintiffs argue that complex cases have methods such as limiting instructions, etc. which would eliminate prejudice. However, it is submitted that the easiest way to eliminate prejudice and to make a complex case simple is to sever the claims. Then there is a straightforward medical malpractice case with survival damages against PrimeCare and a distinct, federal, wrongful death case against the County Defendants. Two separate trials for two separate and distinct claims eliminates the need for this Court to craft instructions for the jury attempting to shoehorn two distinct cases for decision by one jury.

### 3. Judicial economy does not favor a joint trial.

As stated above, the amount of time and resources for two trials is not significantly different than a joint trial. The only additional time would be for an additional jury selection. However, there would also be less time spent attempting to craft limiting or special jury instructions attempting to eliminate prejudice or confusion of the issues. Severance would not require this Court to re-examine factual issues. To the contrary, the only outstanding issues would be motions in limine which are new to this case and would occur irrespective of the number of trials or in which courthouse the trial occurs.

### 4. Severance does not contradict principles of comprehensive adjudication.

Severance would not "reward forum shopping" as argued by Plaintiffs. To the contrary, severance keeps the case in this Court, but provides a different jury to adjudicate the clearly different claims among the parties. Frankly, not severing the cases rewards Plaintiffs after suffering an adverse ruling since their attempts to find PrimeCare liable for wrongful death damages has been precluded by this Court; yet, Plaintiffs want a joint trial to have all the potentially inflammatory evidence of the wrongful death case being heard by a jury which will decide Plaintiffs' claim against PrimeCare.

Therefore, it is submitted that the factors for severance weigh in favor of severing Plaintiffs' claim against PrimeCare from Plaintiffs' claims against the County Defendants. As such, PrimeCare respectfully requests that this Honorable Court grant its Motion, and

that an Order be issued severing Plaintiffs' claim against PrimeCare from Plaintiffs' claims against the County Defendants for all purposes going forward.

                                                Respectfully submitted,

                                                MARSHALL DENNEHEY, P.C.

                                  By: _____
                                                JOHN R. NINOSKY, ESQUIRE
                                                PA Attorney ID No. 78000
                                                200 Corporate Center Drive, Suite 300
                                                Camp Hill, PA  17011
                                                Telephone (717) 651-3709
                                                Facsimile (717) 651-3707
                                                jrninosky@mdwcg.com

Date:   September 17, 2025            *Attorney for Defendant PrimeCare Medical, Inc.*

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of September, 2025, the foregoing *Reply Brief* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Kevin V. Mincey, Esquire
Riley H. Ross, III, Esquire
Zainab K. Shields, Esquire
Jennifer A. Nearn, Esquire
Mincey Fitzpatrick Ross, LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
kevin@minceyfitzross.com
riley@minceyfitzross.com
zainab@minceyfitzross.com
jennnearn@minceyfitzross.com
*Attorneys for Plaintiff*

Frank J. Lavery, Jr., Esquire
Jennifer L. Ruth, Esquire
Lavery Law
225 Market Street ~ P.O. Box 1245
Harrisburg, PA 17108
flavery@laverylaw.com
jruth@laverylaw.com
*Attorneys for County Defendants*

David J. MacMain, Esquire
Matthew S. Polaha, Esquire
MacMain Leinhauser, P.C.
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
mpolaha@macmainlaw.com
*Attorneys for Susquehanna Township Police Defendants*

Donald L. Carmelite, Esquire
Coryn D. Hubbert, Esquire
Marshall Dennehey, P.C.
200 Corporate Center Dr., Suite 300
Camp Hill, PA 17011
dlcarmelite@mdwcg.com
cdhubbert@mdwcg.com
*Attorneys for Angela Swanson, Matthew Danner, and Robert Ingersoll*

MARSHALL DENNEHEY, P.C.

By: _____
John R. Ninosky